477 So.2d 1347 (1985)
M.A. STRICKLAND, Jr.
v.
STATE of Mississippi.
No. 55056.
Supreme Court of Mississippi.
October 2, 1985.
Gary Street Goodwin, Arrington & Goodwin, Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Frankie Walton White and DeWitt Allred, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before WALKER, HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
M.A. Strickland appeals his conviction in the Circuit Court of Yazoo County for the crime of sale of over one kilogram of marijuana. The jury found Strickland guilty, and he was sentenced to serve 30 years in the custody of the Department of Corrections and to pay a fine of $75,000.
Strickland has appealed, making the following six assignments of error:

*1348 I. THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR A CONTINUANCE UNDER MISS. CODE ANN. § 11-1-9 (Supp. 1982).
II. THE TRIAL COURT ERRED BY ITS INTERROGATION AND VOIR DIRE OF THE JURY PANEL IN CHAMBERS, THEREBY INFLUENCING THE JURY AGAINST THE DEFENDANT, AND FURTHER ERRED BY FAILING TO GRANT DEFENDANT'S MOTION TO QUASH THE PANEL.
III. THE TRIAL COURT ERRED IN ALLOWING A WITNESS FOR THE STATE TO TESTIFY WHEN HIS NAME HAD NOT BEEN FURNISHED TO DEFENSE COUNSEL PRIOR TO TRIAL AS HAD BEEN REQUIRED BY A DISCOVERY ORDER.
IV. THE TRIAL COURT ERRED IN ADMITTING THE ALLEGED CONTROLLED SUBSTANCE INTO EVIDENCE OVER OBJECTION OF THE DEFENDANT THAT A PROPER CHAIN OF CUSTODY HAD NOT BEEN SHOWN.
V. THE TRIAL COURT ERRED BY ACCEPTING WITNESS AS EXPERT IN MARIJUANA IDENTIFICATION OVER DEFENDANT'S OBJECTION.
VI. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR A NEW TRIAL OR FAILING TO DECLARE A MISTRIAL BECAUSE OF IMPROPER SUMMATION BY THE STATE.
We reverse on the second assignment of error.
Strickland was indicted on January 12, 1983, and his trial was continued to the next term of court. On April 1, 1983, Strickland employed two additional attorneys to represent him. At that time, he moved for a continuance because one of his attorneys was a member of the state legislature, which was currently in session. The court overruled this motion. Later motions to set aside the order denying a continuance and to renew his motion for a continuance were also overruled.
Strickland's first assignment of error deals with his request for a continuance pursuant to Miss. Code Ann. § 11-1-9 (Supp. 1984), which states:
In any cause now pending or which shall hereafter be pending before any court of this state or before any administrative board, agency or commission of this state or before any court or administrative agency or any county or municipality of this state in which an application for continuance is properly made, predicated upon the ground that the counsel for the party making said application is a member of the Mississippi legislature and if said application is made at a time when the legislature is in session, either regular or extraordinary, or if said legislature will be in session at the time that said cause would be triable, then the continuance shall be granted in all cases. [emphasis added].
We construe this statute as procedurally mandating a continuance which is requested because counsel for a party is a member of the legislature, if no constitutional, due process or other countervailing rights are involved. While we do not reverse on this issue, we wish to point out to the judges and attorneys of this state that the statute says what it means, and means what it says.
Strickland's second assignment of error deals with the interrogation of jurors in the judge's chambers. During pretrial proceedings, apparently, one of the prospective jurors notified the court that she had been contacted by a friend of the defendant. The court then conducted a pretrial examination of the jurors to determine the extent of the contact. This examination took place in the judge's chambers, outside the presence of the defendant or of the attorneys for either side. Three of the prospective jurors indicated that they had been contacted by someone who attempted to influence them in favor of the defendant. The judge questioned each of them extensively about the substance of their conversations. Two other jurors indicated that the sheriff or his deputies had come to *1349 their homes the night before. In neither case was the juror questioned further regarding the contact on behalf of the state.
When the examination was concluded, counsel for the defendant moved for an order quashing the empanelment of the jury. In support of that motion he argued that he had not been allowed to be present when the jury was questioned. The court informed counsel for the defendant that "Only three people indicated that someone had contacted them regarding their jury service. The court will be more than happy to excuse those three persons if you request it to do so." The court overruled the motion to quash, and made no comment regarding the two jurors who indicated that they had been contacted by the sheriff. One of the jurors contacted by the state ultimately served as jury foreman; the other four contacted jurors were either excused or did not serve.
The questioning of the prospective jurors was tantamount to determining whether they were qualified to be empaneled. The defendant has an absolute right to be present during the empaneling of a jury. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Rolls v. State, 52 Miss. 391 (1876). The examination of these jurors represented an important and crucial stage in the trial proceedings, which mandated the presence of either the defendant or his counsel. Allen v. State, 384 So.2d 605 (Miss. 1980).
Indeed, this case is quite similar to Allen, where we reversed a rape conviction because the trial judge had conducted an in-chambers interrogation of the nine-year-old prosecutrix, outside the presence of the defendants or their counsel. The judge determined from this interrogation that the prosecutrix, who had been held incompetent to testify in a prior case, could offer testimony in the case at trial. This determination took the defendants and their counsel by surprise and led to the introduction of damaging testimony. We reversed, stating that "In our opinion the examination of this 9-year-old to determine her competency to testify was a crucial stage of the trial for the defendants." 384 So.2d at 607.
Here, had the defendant or his attorneys known that some of the jurors had been contacted by the state, they would certainly have wanted to question those jurors further as to the nature of the communication. Had the defendant or his attorneys been present in chambers when the jurors were questioned, they would have known of the contact. This is a perfect example of the injustice which can result when the defendant or his counsel is excluded from a critical stage in the trial proceedings.
We share the sentiments of the Florida court in Loudermilk v. State, 186 So.2d 816 (Fla. Dist. Ct. App. 1966). In that case, a juror telephoned the trial judge, during the course of the trial, to advise him that someone had attempted to bribe the juror to influence his vote. The trial judge did not tell the defendant or his counsel of the attempted bribery until after trial. The appellate court reversed the conviction, holding that:
The action of the trial judge in examining the juror outside the presence of the defendant and withholding information of the attempted bribery from the public until after the trial was clearly prompted by the highest motives. Such proceedings to protect a jury in its deliberations from improper action, commendable as it is, is not sufficient reason to deprive a defendant of his right to be present at the examination of a member of the jury panel which determines his guilt or innocence.
Id. at 817.
We realize that the trial judge in this case questioned the jurors in the privacy of his chambers in order to encourage them to speak openly, and to prevent the jurors who had not been contacted from being tainted by knowledge of the contact. However, the right of the defendant or his counsel to be present at such an examination is paramount. We therefore conclude that the trial court erred in conducting this questioning outside the presence of the defendant or his counsel.
*1350 Because we reverse this case based on the second assignment of error, we express no opinion as to the remaining assignments.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.