567 So.2d 843 (1990)
James Calvin SAMUELS
v.
STATE of Mississippi.
No. 07-KA-59145.
Supreme Court of Mississippi.
September 19, 1990.
Clarence R. Scales, Scales & Scales, Jackson, for appellant.
Mike C. Moore, Atty. Gen. and Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
James Calvin Samuels was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on two counts of possession of marijuana with intent to distribute. In a separate sentencing hearing held January 29, 1988, Samuels was found to be an habitual offender within the meaning of Miss. Code Ann. § 99-19-81 (1972) and Samuels was sentenced to three years in the custody of the Mississippi Department of Corrections on each count, with the sentences to run consecutively. The lower court also imposed a fine of $3,000.00 on each count. Samuels has appealed the judgment and sentence of the court and presents five issues to this Court on appeal.

FACTS
The first offense occurred on May 5, 1987. On that day, Detective Preston Carter *844 of the Vice and Narcotics Division of the Jackson Police Department received a tip from a confidential informant that a black male known by the alias, "Hook", was selling drugs on the corner of Wood and Ash Street in Jackson, Mississippi. Detective Carter knew "Hook" to be the appellant, Samuels. Detective Carter walked through back yards, toward the corner of Wood and Ash Streets. At approximately 6:45 p.m., he walked behind a house near where Samuels was standing and observed him making drug transactions on the street corner. He walked up to the appellant, within about 10 feet, whereupon appellant ran with Detective Carter in pursuit. Appellant jumped a chain fence, dropped a bag, spilling envelopes onto the ground. Appellant attempted to gather up the spilled envelopes before Detective Carter could reach him but ran again. After appellant jumped over a second wire fence, Detective Carter gave up the chase and returned to the area where he gathered up the spilled envelopes, being eight (8) in number.
On May 20, 1987, Detective Carter arrested the appellant, Samuels, at the corner of Wood and Ash Streets and took him to jail where the appellant was charged with possession of marijuana with intent to distribute and was released on bail.
On May 28, 1987, Officer Robert Love of the Jackson Police Department was traveling south on Wood Street at approximately 5:00 p.m., when he observed the appellant standing on the corner of Ash and Wood Streets. Love observed Samuels pass a bag to a female who was standing with him. He stopped and asked Samuels to come to the car where Officer Love conducted a pat-down search. He then asked the female to step forward and she handed Officer Love the bag Samuels had passed to her. The bag contained eleven (11) manila envelopes of marijuana known as "dime bags". Appellant admitted that the marijuana was his. He was arrested and charged with possession of marijuana with intent to distribute and was released on bail. The substances obtained on both occasions were analyzed by the Mississippi Crime Lab and they tested positive for marijuana.

LAW

I.

DID THE LOWER COURT PROPERLY REFUSE TO GRANT A CONTINUANCE DUE TO SAMUEL'S ABSENCE FROM THE TRIAL?
Trial in the case was originally set to begin at 9:00 a.m. on December 1, 1987. Shortly after 9:00 a.m., the State and the defense, represented by counsel, announced they were ready for trial. The jury was brought into the courtroom and impaneled. The defense attorney walked outside the courtroom into the hallway to confer with appellant and then returned to the courtroom. Appellant did not follow his attorney back into the courtroom and, thinking he had gone to the restroom, the attorney so reported to the court. However, it was soon determined that the appellant was no longer in the courthouse.
Officer Love reported to the court that he arrived at the courthouse at 8:55 a.m. to testify at the trial and that he had seen appellant walking toward his car, which was in the parking lot of the courthouse. Officer Love asked appellant where he was going and appellant responded that he was going to get a witness. Detective Carter reported that he arrived at the courthouse at approximately 8:45 a.m. and observed appellant standing in the hall outside the courtroom conferring with his attorney.
Appellant's attorney moved for a continuance to reschedule the case on the basis that his client and several witness had left the courthouse. The court granted the motion for continuance but stated that it was of the opinion, that since the parties announced ready for trial that the defendant was effectively in custody for the purpose of trial, and that he had voluntarily absented himself, fled the courthouse in an attempt to avoid prosecution and that his voluntary absence constituted a waiver of his right to be present at trial. A bench warrant was issued for appellant's arrest.
The case was reset for trial on January 5, 1988 and when called on that date, the *845 appellant still had not been arrested and was not present. However, his attorney was present and stated to the court that he had not heard from his client since the last continuance and moved for a continuance until appellant could be apprehended. Based upon its previous finding, the court denied the motion and the trial went forward without the presence of the appellant.
Miss. Code Ann. § 99-17-9 (1972) provides the following:
In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant, in cases less than felony, be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court.
In Caldwell v. State, 481 So.2d 850 (Miss. 1985), Caldwell had been convicted of capital murder and was sentenced to death. On motion to vacate his sentence, he argued that there were matters presented by the attorneys outside his presence. The court held:
No important proceeding regarding a criminal trial may be held without the presence of the defendant or his counsel. Strickland v. State, 477 So.2d 1347 (Miss. 1985); Allen v. State, 384 So.2d 605 (Miss. 1980). Both need not be present; where the defendant is represented by counsel, the attorney may represent the defendant at any critical stage in the proceedings, and the defendant's absence will not violate his constitutional rights. Ford v. State, 170 Miss. 459, 155 So. 220 (1934)
An exception to this general rule is where the presence of the defendant is necessary to prevent prejudice to him.
Caldwell, 481 So.2d at 852.
In McMillian v. State, 361 So.2d 495 (Miss. 1978), the appellant was charged with murder. On the day of the trial he and his attorney were present in the courtroom and participated in the voir dire of the jury. After the jury was impaneled, selected, and sworn in, the court recessed for lunch. McMillian, the defendant, did not appear after lunch but was captured and in court before the jury returned its verdict. On appeal, the court held that, since McMillian was present when the trial began and the jury was examined, selected and sworn, he was "in custody" within the meaning of the statute at the time he escaped. Further, the court held that McMillian received a fair and impartial trial and the trial court did not abuse its discretion in ordering that the trial proceed in McMillian's absence. In the present case, there is no claim that the appellant, Samuels, was prejudiced or did not receive a fair trial in such trial being tried in his absence.
We are of the opinion that when the appellant, Samuels, executed a recognizance bond, which required his presence before the court, he was no longer at liberty but was in the custody of the law. See Price v. State, 36 Miss. 531 (1858); See also Stubbs v. State, 49 Miss. 716 (1874); McMillian v. State, 361 So.2d 495 (Miss. 1978). The general law is stated in 8 Am.Jur.2d Bail and Recognizance, § 4 at 581-583 (1980):
The primary purposes of bail in a criminal case are to relieve the accused of imprisonment, to relieve the state of the burden of keeping him, pending the trial, and at the same time to keep the accused constructively in the custody of the court, whether before or after conviction, to assure that he will submit to the jurisdiction of the court and be in attendance thereon whenever his presence is required....
* * * * * *
An accused person released on bail is not only in the custody of bail, but he is also in custody of the law; the accused is deemed to be as much under the power of the court as if he were in custody of the proper officer.
*846 It is undisputed that Samuels' absence from the court was voluntary. Therefore, in the opinion of this Court, he waived his right to be present at trial. Brewer v. Raines, 670 F.2d 117, 119 (9th Cir.1982); McMillian v. State, 361 So.2d 495 (Miss. 1978); Thomas v. State, 117 Miss. 532, 543, 78 So. 147, 149 (1918). Relying upon Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), the Ninth Circuit in Brewer, supra, held as follows:
A defendant's knowing, intelligent and voluntary absence from his trial acts as a waiver of his Sixth Amendment right to confrontation. And lest there be any misconception, nothing in Diaz suggests that this voluntary absence must take place after the trial has begun in order for there to be a waiver. This was simply the factual situation in which the question arose. A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences. The same reasoning applies to the presence of a defendant at his sentencing. To hold that the Constitution permits a person to be tried and convicted while voluntarily absent, and yet, somehow, precludes the sentencing in absentia of the same person would be, at the least, anomalous. When after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding.
Brewer, 670 F.2d at 119.
The lower court did not abuse its discretion in declining to grant a continuance for appellant, Samuels, and the issue number one is rejected.

II.

THE LOWER COURT ERRED IN ADMITTING THE BAGS OR PACKAGES OF MARIJUANA IN SUPPORT OF THE CHARGE AGAINST SAMUELS OVER THE OBJECTIONS OF DEFENDANT'S COUNSEL AFTER OFFICER LOVE ADMITTED THAT HE HAD DISPOSED OF PART OF ITS CONTAINER.

III.

THE LOWER COURT ERRED IN REFUSING JURY INSTRUCTION NO. D-1 OF THE DEFENDANT AND HIS COUNSEL REGARDING ANY INFERENCES MADE FROM THE DEFENDANT'S NON-APPEARANCE ON THE DAY OF TRIAL.

IV.

THE LOWER COURT COMMITTED FATAL AND REVERSIBLE ERROR IN REFUSING TO GRANT THE DEFENDANT JURY INSTRUCTION NO. D-10 RELATING TO ILLEGAL POSSESSION OF DRUGS IN MISSISSIPPI.

V.

THE LOWER COURT COMMITTED REVERSIBLE ERROR IN ITS REFUSAL TO GRANT THE DEFENDANT'S JURY INSTRUCTIONS NOS. D-6 AND D-16 WHICH GIVE THE JURY THE LAW AS TO CIRCUMSTANTIAL EVIDENCE.
We have carefully reviewed the record and briefs with reference to the above issues, and find that issue two relates to admission of the packages of marijuana; that issue three, four and five relate to instructions; and we are of the opinion that there is no merit in the said issues two through five.
Therefore, the issues are rejected and the case is affirmed.
COUNT I: POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF THREE (3) YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SAID SENTENCE TO BE SERVED WITHOUT PAROLE, PROBATION, REDUCTION OR SUSPENSION AND PAY A FINE OF $3,000; COUNT II: POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF THREE (3) YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS *847 AND SAID SENTENCE TO BE SERVED WITHOUT PAROLE, PROBATION, REDUCTION OR SUSPENSION AND PAY A FINE OF $3,000; TO RUN CONSECUTIVELY AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.