# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00627-SCT

*GUSTAVO DAMEAN VILLAVERDE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/92 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WOODROW W. PRINGLE III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | CARANNA, CONO, |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 5/9/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/30/96 |

**BEFORE DAN M. LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes before this Court from the Circuit Court of Harrison County, where the court found Gustavo Damean Villaverde guilty of one count of possession of cocaine with intent to sell, and one count of possession of marijuana. Villaverde was sentenced to ten years for the cocaine charge, and three years for the marijuana, to run concurrently.

¶2. Villaverde did not show up for trial. His attorney asked for a continuance, which the lower court overruled, allowing the trial to continue without the presence of the defendant. Villaverde claims that such was error, raising the following three issues:

**I. WHETHER THE DEFENDANT HAD SUFFICIENT NOTICE OF THE TRIAL DATE, SO AS TO ALLOW THE JUDGE TO CONTINUE THE TRIAL WITHOUT HIS PRESENCE.**

**II. WHETHER THE EVIDENCE WAS SUFFICIENT TO ESTABLISH THE INTENT TO SELL COCAINE.**

**III. WHETHER THE LOWER COURT ERRED BY ALLOWING A WITNESS TO**

**TESTIFY ABOUT STATEMENTS MADE BY VILLAVERDE ON INTENT TO SELL THE COCAINE, SO AS TO BE A DISCOVERY VIOLATION.**

¶**3.** Only the issue concerning the denial of the continuance and allowance of the trial to proceed without the presence of Villaverde warrants discussion. After thorough consideration, this Court finds that Issue I is controlled by our opinion in *Sandoval v. State*, 631 So. 2d 159 (Miss. 1994). Issues II and III are without merit and need not be discussed. We reverse the trial judge for holding the trial *in absentia* of the defendant.

## STATEMENT OF FACTS

¶4. Gustavo Demean Villaverde was pulled over on Interstate Highway 10 in Harrison County by Officer Victor Smith for weaving in and out of lanes erratically. Officer Smith had with him a drug-detecting canine, Magnum, and as a routine, would utilize the dog on his traffic stops. Magnum gave two positive alerts for the presence of drugs. Officer Smith then searched the car after obtaining consent from Villaverde. Villaverde signed a search consent form, which was written in both Spanish and English. Smith found marijuana and a total of 71 grams of cocaine dispersed in twenty small plastic bags. The bag in which the cocaine was found also contained over $4000 in loose cash. Villaverde was arrested, taken to jail, subsequently indicted and allowed to post bond.

¶5. Trial was set for March 31, 1992. At docket call the previous day, his attorney was present and announced that he was ready for trial. The next day, upon approaching the time of the trial, Villaverde was still not present, and thus, his attorney, Earl Stegall asked for a continuance. The judge held a hearing to determine whether to grant the motion.

¶6. At the hearing, Stegall indicated that he was expecting the defendant to show up. Stegall's secretary had given Villaverde notice to appear in court, and Stegall himself had also called and left messages on the answering machine at the number which Villaverde left as his residence or where persons could contact him. This phone number belonged to his girl friend's telephone. The girlfriend's number was the only one supplied by Villaverde when he left after posting bond. Stegall also stated that four days prior to trial, Villaverde had called him and left a message on his answering machine stating that he would be there for trial. On the day before the trial, the bail bondsman talked to Villaverde's girlfriend, who told him that Villaverde was on his way to Mississippi for trial. Stegall admitted in that hearing that Villaverde "in fact, had actual and constructive notice of the hearing today." After hearing the evidence, the lower court denied the motion for continuance and let the trial proceed without the presence of the defendant.

## DISCUSSION OF LAW

**WHETHER THE DEFENDANT HAD SUFFICIENT NOTICE OF THE TRIAL DATE SO AS NOT TO HAVE HAD HIS SIXTH AMENDMENT RIGHTS VIOLATED, AND TO ALLOW THE JUDGE TO CONTINUE THE TRIAL WITHOUT HIS PRESENCE.**

¶7. The State argues that a defendant's knowing, intelligent and voluntary absence from his trial acts as a waiver of his Sixth Amendment right to confrontation. *Samuels v. State*, 567 So. 2d 843 (Miss. 1990). A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences. *Id.* "When after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding." *Samuels*, 567 So. 2d at 846. Our statute on

this matter states:

> In criminal cases, the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant in cases less than felony, be on recognizance or bail or have been arrested and escaped or having been notified by the proper officer of the pendency of the indictment against him, and resisted or fled or refused to be taken, or be in any way in default for non appearance, the trial may progress at the discretion of the court and the judgment final and sentence be awarded as though such defendant were personally present in court.

Miss. Code Ann. § 99-17-9 (1972). In *Samuels*, in applying this section, the Court upheld the denial of the motion for a continuance primarily because the defendant had executed a bond which required his presence. Samuels only came to the docket call, when his attorney announced that he was ready for trial. Samuels was not present during the trial or the sentencing phase. He apparently fled. Moreover, no notice was ever given to Samuels. *See also* ***McMillan v. State***, 361 So. 2d 495 (Miss. 1978) (Court found defendant voluntarily waived Sixth Amendment right when he absented himself from trial after being present for the beginning of the trial, and then fleeing).

¶8. Villaverde argues the exception to the general rule: "Both [attorney and defendant] need not be present; where the defendant is represented by counsel, the attorney may represent the defendant at any critical stage in the proceedings, and the defendant's absence will not violate his constitutional rights." ***Caldwell v. State,*** 481 So. 2d 850 (1985), *vacated on other grounds*, 479 U.S. 1075 (1987). Villaverde states that the "exception to this general rule is where the presence of the defendant is necessary to prevent prejudice to him." ***Id.*** at 852. When requesting the motion for a continuance, his attorney stated that having the defendant present would "assist . . . in the defense of his case and particularly in arguing the motions to suppress." On his motion for a new trial, attorney Stegall did not argue that Villaverde's absence from the courtroom prejudiced his case as a ground for granting a new trial.

¶9. Unfortunately for the State, at this point, *Samuels* has been overruled and defendants charged with felonies may not be tried *in absentia*. ***Sandoval v. State***, 631 So. 2d 159 (Miss. 1994); ***Banos v. State***, 632 So. 2d 1305 (Miss. 1994). Under ***Sandoval***, ***Samuels*** is implicitly overruled, and it is error if a judge continues a trial without the presence of the defendant at the beginning of trial. ***Sandoval*** at 164; ***Banos*** at 1308 (further entrenching ***Sandoval***). This Court in ***Sandoval*** stated:

> Mississippi Code Annotated § 99-17-9 (1972) clearly states the waiver rule in felony cases "if he be in custody and consenting thereto" and then makes an exception for misdemeanors. Only in discussing "cases less than felony" does the statute permit trial *in absentia* of defendant "on recognizance or bail." This statute, unchanged since 1857, expresses the legislative intent to limit waiver of trial presence of accused felons to those instances where the accused is "in custody and consenting thereto."

*Sandoval,* 631 So. 2d at 164.

¶10. Our precedent requires that we reverse the trial judge on this issue for holding the trial *in absentia* of Villaverde, an accused felon.

## CONCLUSION

¶11. This Court's decision in *Sandoval* overruling *Samuels* dictates that a defendant charged with a felony may not be tried *in absentia*. The case must be reversed and remanded for a new trial.

¶12. **REVERSED AND REMANDED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR. PITTMAN, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J.**


**PITTMAN, JUSTICE, SPECIALLY CONCURRING:**


¶13. I write today only to again express my concerns with *Sandoval v. State*, 631 So. 2d 159 (Miss. 1994). It is not time to abandon *Samuels v. State*, 567 So. 2d 843 (Miss. 1990). We should find a better rule than to require the defendant to be present at the first minute of trial, but at no other point. If a defendant has notice and voluntarily absents himself from trial, then the judge has the discretion to proceed without him. In the present case, there is insufficient evidence that Villaverde had proper notice of trial, and thus, the trial court abused its discretion in proceeding without him. Therefore, I concur in the case *sub judice* without abandoning my previous stand on this troublesome issue.

**MILLS, J., JOINS THIS OPINION.**