SMITH, Justice,
for the Court:
Ramon Banos and Efren Andrade were tried in absentia for the felony possession of more than one kilogram of marijuana with the intent to distribute that substance to others. They prosecute an appeal from their convictions of felony possession entered in the Circuit Court of Harrison County on December 18,1990. Banos was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections while Andrade was sentenced to serve a term of twenty (20) years.
*1306 The State, relying upon Samuels v. State, 567 So.2d 843 (Miss.1990), contends the trial judge did not abuse his judicial discretion in denying the defendants’ request for a continuance of thirty (30) days. The State contends the trial judge correctly followed our holding in Samuels where we held that criminal defendants who have been released on bond are “in custody” within the meaning and purview of Miss.Code Ann. § 99-17-9 (Supp.1990) and may voluntarily waive their presence at trial.
Banos and Andrade, aggrieved by the trial court’s decision, appeal to this Court contending that the trial court erred in proceeding to trial in their absence and that both defendants were prejudiced as a result of being placed on trial in absentia. They assign errors by the trial court as follows:
I. THE TRIAL COURT ERRED IN PROCEEDING TO TRIAL IN THE ABSENCE OF THE DEFENDANTS WHO WERE THEREBY PREJUDICED AS A RESULT OF BEING PLACED ON TRIAL IN ABSENTIA.
II. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO EXERCISE PRE-EMPTORY CHALLENGES OF BLACKS AND FOR NOT STATING SUFFICIENT AND JUSTIFIABLE REASON UNDER BATSON AND POWERS DECISIONS.
III. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANTS’ MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE AND IN DENYING THE DEFENDANTS’ REQUEST FOR A PRE-EMPTORY INSTRUCTION OF NOT GUILTY AND FURTHER ERRED IN OVERRULING THE DEFENDANTS’ MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL.
IV. THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION TO SUPPRESS.
We have examined Banos’ and Andrade’s issues and find the trial in absentia issue to be of merit and worthy of discussion. The remaining issues will not be discussed. Our decision in Sandoval v. State, 631 So.2d 159 (Miss.1994), controls the disposition of the trial in absentia issue as well as the disposition of the case. We conclude, based on Sandoval, that the trial court erroneously held that Banos and Andrade were “in custody and consenting” to trial in absentia and we reverse and remand for a new trial.
STATEMENT OF FACTS
On August 6, 1989, at approximately 6:00 p.m., Officer Darryl Deschamp, a state trooper with the Mississippi Highway Patrol, was westbound on Interstate 10 in his patrol cruiser when he passed a brown station wagon eastbound in the opposite direction. A radar detection device measured the speed of the station wagon at 72 mph, which was in excess of the speed limit on Interstate 10 in Harrison County. Patrolman Deschamp crossed the median, pursued the station wagon, and pulled it over. He observed that the automobile was an older model Ford station wagon with Texas license plates occupied by two Hispanic men.
Officer Deschamp got out of his car and instructed the driver to step to the rear of his vehicle and produce his driver’s license. The license identified the driver of the station wagon as Ramon Banos, and Officer Deschamp began to prepare a traffic citation for speeding. While writing the ticket, Des-champ asked Banos about the ownership of the 1978 station wagon. Banos replied that-it belonged to a friend and he had borrowed it to go from Houston, Texas, to Florida to seek employment.
While standing at the rear of the station wagon, Deschamp detected the pungent odor of raw marijuana. He walked to the passenger side to get a better view inside the vehicle and to question the passenger, Efren Andrade. When Andrade rolled down his window, the distinct smell of unburned marijuana became even stronger. Deschamp asked Andrade who owned the station wagon, and Andrade told Deschamp that Banos’ brother was the owner and that Andrade was simply along for the ride.
Officer Deschamp observed four or five air freshener devices inside the station wagon, *1307 one hanging from the rear-view mirror, one in the ashtray, another hanging from the front passenger door, and a “stick-on” freshener on the back of the-rear seat. Deschamp also observed through the back window several old, rust-covered screws and a Phillips-head screwdriver lying near the wheel well in the back of the station wagon. Shiny new screws were in place around the wheel well.
Deschamp requested and received consent from Banos to search the station wagon. The officer read Banos a consent-to-search form, and Banos himself read the form. Ba-nos indicated he understood the form’s contents and signed the consent form which was later introduced into evidence during trial.
After opening the back door of the station wagon, Officer Deschamp inspected the old screws. Using the screwdriver found in the vehicle, he removed three of the new screws from the wheel well and peeled back the covering. Deschamp saw and smelled what appeared to be a substantial amount of raw marijuana wrapped in clear plastic wrap. Both Banos and Andrade were placed under arrest, and the station wagon was towed to the stationhouse where its contents were inventoried.
Ten (10) separate packages of raw marijuana weighing over 60 pounds (28,000 grams or 28 kilograms) were removed from the wheel well of the station wagon.
On January 10, 1990, Banos and Andrade were jointly indicted for possession of more than one kilogram of marijuana with the intent to distribute. Both were adjudicated to be indigent and counsel was appointed. Bond was subsequently reduced from $50,000 to $15,000 on both defendants.
On February 21, 1990, Banos and Andrade appeared in open court with their attorney, Jimmy D. McGuire, and both entered pleas of not guilty. Each defendant acknowledged notice that trial was set for May 29, 1990. On May 29, 1990, both defendants waived their constitutional and statutory rights to a speedy trial and were granted a continuance. Trial was reset for November 5, 1990.
The defendants filed a motion to suppress the marijuana on September 28, 1990. On November 13, 1990, a partial hearing was held on the motion. Neither defendant was present, and counsel waived their presence for the purpose of that hearing. The trial judge agreed, however, to defer his ruling until the day of trial so the defendants could testify on the motion if they desired to do so. The judge later entered an order recessing the suppression hearing and continuing the matter until a later date.
Trial was held on November 15, 1990. Neither defendant was present at the eom-'mencement of trial or during any part thereafter, except that Andrade who was present for sentencing a month later. The trial judge found that both defendants had deliberately and voluntarily absented themselves. After overruling a defense motion for a thirty (30) day continuance, the trial judge proceeded to try the defendants in absentia.
During trial, Officer Deschamp and Linda Weeks, a. drug analyst from the Mississippi Gulf Coast Crime Laboratory, testified on behalf of the State of Mississippi. After the State had rested its case-in-chief, the trial judge overruled the defendants’ motion to suppress evidence based upon the testimony of Officer Deschamp. Their motion for a directed verdict was also overruled at this time. The counsel for Banos and Andrade thereafter rested their case without putting on any proof.
The jury returned a verdict against both Banos and Andrade, finding them guilty of possession of marijuana with the intent to distribute. Judgment nisi was entered against the defendants and their bondsman following trial on November 15, and sentencing was deferred until a later date.
On November 29, 1990, the judgment nisi entered against Andrade was set aside inasmuch as he was incarcerated in the Harrison County Jail pending sentencing on December 18, 1990.
On December 18,1990, with Andrade present for sentencing and Banos still at large, the trial judge sentenced Andrade to twenty (20) years and Banos to thirty (30) years in the custody of the Mississippi Department of Corrections. Andrade’s lesser sentence was a product of his “showing up” and “living up” to his bond.
*1308 The defendants’ motion for j.n.o.v. or, in the alternative, for a new trial, was overruled on December 18, 1990.
DISCUSSION
Banos and Andrade contend that the trial court erred in proceeding to trial in their absence and that both defendants were prejudiced as a result of being placed on trial in absentia. Our decision in Sandoval v. State controls the disposition of this particular issue as well as the disposition of the case.
Counsel for Banos and Andrade conceded in his brief “that apparently both defendants willfully failed to appeal' in court on the day of trial after numerous efforts were made by counsel and the bondsman.” Counsel argues, nevertheless, that Banos and Andrade were prejudiced by their absence at trial because they could not explain to the jury their version of the facts.
The State, relying upon Samuels v. State, 567 So.2d 843 (Miss.1990), contends the trial judge did not abuse his judicial discretion in denying the defendants’ request for a continuance of thirty (30) days. The State contends the trial judge correctly followed our holding in Samuels where we held that criminal defendants who have been released on bond are “in custody” within the meaning and purview of § 99-17-9 and may voluntarily waive their presence at trial.
On the morning of trial, November 15, 1990, the trial judge, noting the absence of both defendants as well as their previous absence on November 13, the day of the suppression hearing, stated:
Well, it’s quite obvious that each of these defendants [is] on a good and valid bond. It’s quite obvious that they have been in either direct or indirect contact with either the bondsman or the attorneys, and it’s also quite obvious and plain that they are deliberately absconding from trial.
Counsel for the defendants thereafter moved for a thirty (30) day continuance based upon the absence of Banos and An-drade. The State objected to a continuance, indicating its desire to move forward with the trial then and there. In denying the request for a continuance, the trial judge found:
[The defendants] are deliberately not being here because they don’t want to be here, obviously fearing what result may come about if there’s a trial. I can’t tolerate this situation.
If I grant a continuance in this ease, every defendant on the docket might as well start running because he’s never going to go to trial. He’ll get his ease passed over and nothing will ever happen to him because all he’s got to do is just stay away from the courthouse. I can’t tolerate that situation, particularly, as I say, when I’ve got two defendants who as a matter of fact, and I find that they both knew they had to be here for motions and trial, and they are deliberately staying away from here. I’m going to overrule the motion for continuance and try them in absentia.
The salient facts in this case appear to be no different from those found in Sandoval where the defendant voiced a similar complaint based on similar grounds. Sandoval did not appear at the commencement or at any other stage of the trial. The defense did not announce it was ready for trial. Defense counsel’s motion for a one week continuance of the trial was overruled, and the trial was conducted as scheduled without Sandoval’s presence.
In the Sandoval case, the dissent attempted to liken the facts of that case and Samuels as follows:
In the case sub judice, Sandoval appeared in the courtroom on the date the case was set for trial. He was well informed by the trial judge of the status of the proceedings in his case, when the actual pre-trial hearings would occur and when the actual trial would begin.
Sandoval, dissenting slip opin. at 5, 631 So.2d at 161.
Sandoval had indeed appeared on the date his case was set for trial, and appeared in the courtroom .thereafter, while awaiting the finish of the case that had preempted his own. The dissent suggested that those facts constituted Sandoval’s appearance “at commencement of trial.” However, in the case sub judice, Banos and Andrade, although out on bond, never made an appearance in the court *1309 proceedings whatsoever. The facts in this case do not come close to the factual situation noted in the dissent in Sandoval.
The Sandoval decision requires reversal of the case at bar and a remand for a new trial with the defendants present. In Sandoval, this Court stated:
Miss.Code Ann. § 99-17-9 (1972) clearly states the waiver rule in felony cases “if he be in custody and consenting thereto” and then makes an exception for misdemeanors. Only in discussing “cases less than felony” does the statute permit trial in absentia of defendant “on recognizance or bail.” This statute, unchanged since 1857, expresses the legislative intent to limit waiver of trial presence of accused felons to those instances where the accused is “in custody and consenting thereto.”
The decisions of this Court prior to Samuels consistently applied the rule that an accused felon present at the commencement of his trial may thereafter waive his appearance by absenting himself from the trial. Under those facts, the trial may be continued in the court’s discretion.
We conclude the trial court abused its discretion by trying Sandoval in absentia on the facts of this case. The conviction of possession of marijuana with intent to distribute and sentence of fifteen years under the supervision of the Mississippi Department of Corrections and a $10,000 fine is reversed and remanded for a new trial consistent with this opinion.
The pivotal facts in the case at bar appear to be no different from those found in Sandoval. Consequently, this Court’s holding in Sandoval requires a reversal and remand.

CONCLUSION

We hold that the trial court abused its discretion by trying Banos and Andrade in absentia and this Court’s decision in Sandoval necessitates reversal of this case and a remand for a new trial.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.