# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00065-SCT

*GEORGE MICHAEL BASS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/94 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/29/97 |
| MOTION FOR REHEARING FILED: | 6/12/97 |
| MANDATE ISSUED: | 8/14/97 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT**:

## STATEMENT OF THE CASE

Appellant Bass was indicted by the grand jury of Rankin County for capital murder in violation of Miss. Code Ann. § 97-3-19(2)(e). In a plea agreement to avoid the death penalty, Bass agreed and pled guilty to murder, burglary of an occupied dwelling and grand larceny based upon waiver of indictments signed by Bass and bills of information. Petitions to plead guilty for each offense were presented to the trial court. Bass was represented a trial by two attorneys, Dennis Horn and Chris Tabb. After a hearing, the trial court, as recommended, sentenced Bass to life imprisonment for murder; fifteen years for the crime of burglary of an occupied dwelling to run consecutively to the life sentence for murder; and five years for grand larceny to run consecutively to the life sentence for murder and the fifteen-year sentence for burglary of an occupied dwelling.

Bass subsequently filed his post-conviction relief motion, which is the subject of this appeal. The trial court summarily dismissed the motion, stating that after a review of all the records and the transcript of Bass' plea of guilty, the motion was not well taken.

## SUMMARY OF THE ISSUES

Bass contends that the trial court erred by not granting him an evidentiary hearing to prove that his due process rights were violated. He claimed in his post-conviction motion that he was deprived of his right to be present during jury selection on the capital murder charge. This was before the plea of guilty to the lesser charge was accepted. There is no record of those proceedings. He also asserts that he was denied effective assistance of counsel. Specifically, he asserts that his attorneys used fear to coerce him into pleading guilty by telling him the jury selected was a "death" jury and also by giving him incorrect parole information.

## ANALYSIS

Section 99-39-11 (2) of Miss. Code Ann. provides that a judge may order dismissal of a post-conviction relief motion if it plainly appears from the face of the motion, any exhibits and the prior proceedings that the movant is not entitled to any relief. The Court employs a substantial evidence/clearly erroneous standard when reviewing the trial court's decision on proceedings for post-conviction relief. *McClendon v. State*, 539 So. 2d 1375, 1376 (Miss. 1989). This standard limits the Court's scope of review. *Id.*

The following analysis is a review of the issues raised in Bass' denied post-conviction relief motion.

## I.

Bass contends it was error for him not to be present during the questioning and selection of the jury for the charge of capital murder. In support, Bass quotes this sentence from *Strickland v. State*, 477 So. 2d 1347, 1349 (Miss. 1985), "[t]he examination of [the] jurors represented an important and crucial stage in the trial proceedings, which mandated the presence of either this defendant or his counsel." Bass argues that prejudice resulted when counsel used Bass' absence from the jury selection to coerce him into an involuntary plea of guilty. He contends that had he been present during the jury selection, he would not have plead guilty.

The Court's recent decision in *Villaverde v. State*, 673 So. 2d 745 (Miss. 1996), supports Bass' argument that he should be allowed to be present during jury selection in spite of the fact that his attorneys were present at this phase. Unfortunately for Bass, the record does not contain any evidence that these proceedings took place. The only evidence in the record regarding his right to be present is an Assertion of Right to be Present at all phases of the trial filed by Bass' attorney, in which Bass asserts his right to be present at the drawing of the jury pool and voir dire. A Bill of Information and Bass' Waiver of Indictment and Agreement to Prosecution by Information follow the Assertion of Right. The trial judge's order allowing Bass' waiver follows those documents. There is no record of jury selection in this case. Only Bass' affidavit supports his assignment of error.

The Court has held that it is the Appellant's responsibility to see that the record contains all material essential to an understanding and presentation of matters relied upon for reversal on appeal. *Shelton*

***v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973). The Court must confine itself to what actually appears in the record. *Id.* In this instance, there is no record of the issue (defendant's denial of his right to be present at the jury trial) being appealed. It is Bass' responsibility to make sure the record is complete. Based on ***Shelton***, it appears that this issue is not reviewable by the Court, and the lower court's denial of the evidentiary hearing on this issue should be affirmed based on the standard of review.

## II.

Bass also maintains that he was subject to ineffective assistance of counsel because counsel told him this was a "death" jury and coerced him into pleading guilty to the lesser charge. He further argues that he was denied effective assistance of counsel because counsel stated that he would be eligible for parole in "eight to ten years," when a sentence of life plus twenty years carries a fifteen-year parole eligibility date.

The United States Supreme Court promulgated a two-part test for analyzing claims of ineffective assistance of counsel in ***Strickland v. Washington***, 466 U.S. 668 (1984). That test requires the defendant to show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable chance that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-688, 694.

In his petitions to plead guilty, Bass stated that no one had coerced him into pleading guilty. He specifically swore that his attorney, Dennis Horn, had not made any threats or promises to him and that he was satisfied by Horn's representation. Based on these sworn representations by Bass, the trial court is correct in finding that Bass' motion was not well taken. He did not establish a prima facie case of ineffective assistance of counsel based on the alleged threats. ***See Harveston v. State***, 597 So. 2d 641 (Miss. 1992) (the Court held that where the defendant had acknowledged to the court that no one had threatened, abused or mistreated him or promised him anything to plead guilty and he acknowledged his guilt, the claim of an involuntary plea was without merit). Bass' claim that he was denied effective assistance of counsel because counsel stated Bass "would be eligible for parole in eight or ten years" when in actuality it would be fifteen years is, likewise, without merit. In ***Hill v. Lockhart***, 474 U.S. 52, 106 S.Ct. 366, 371 (1985), the claimed error of counsel was erroneous advice as to eligibility for parole under the agreed-to sentence. The United States Supreme Court held that it was unnecessary to determine this issue because the petitioner's allegations did not satisfy the "prejudice" requirement of ***Strickland***. The petitioner in ***Hill*** did not allege in his petition that if he had been correctly informed of his parole eligibility date, he would not have plead guilty and would have insisted on going to trial. Further, he did not assert special circumstances that supported the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. *Id.*

In the case at bar, Bass was asked by the trial court "if he understood that nobody can guarantee you any early release or parole or so-called good time and that if you are sentenced to serve a term of years you may serve each and every day of that term." Bass clearly understood at the plea hearing that no one (attorneys included) could guarantee parole terms. Bass was fully aware that parole is not a foregone conclusion whether it be for eight years or fifteen years. He has not met the prejudice element required by ***Strickland***.

## <u>CONCLUSION</u>

Bass failed in his duty to supplement the record with the jury selection proceedings. Therefore, there is nothing for this Court to review regarding his claim that he was denied the right to be there.

Concerning his claims of ineffective assistance of counsel, the record indicates that he acknowledged at trial that no one had threatened him or coerced him in to making his plea. He further acknowledged that he understood no one could guarantee him a parole date or early release. Bass' claims are wholly without merit. The trial court is correct in summarily denying Bass' motion and there is nothing "clearly erroneous" in its decision.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN RESULT ONLY. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, J.**

**BANKS, JUSTICE, CONCURRING:**

I concur in the result reached by the majority. I do not do so, however, based upon any supposed deficiency of the record as to his presence during jury selection. This case was decided summarily. Bass was not given a full opportunity to make a record. At the point of decision, his affidavit should be sufficient to take his allegation as true. My concurrence is based on the fact that Bass waived any failing of the trial court in not assuring his presence during jury selection when he entered his guilty plea. As for ineffective assistance, I agree with what is written by the majority.

**McRAE, J., JOINS THIS OPINION.**