SULLIVAN *v.* STATE.*

(Division B.   April 16, 1928.)

[116 So. 612.   No. 26940.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 457, n. 61; 17CJ, p. 169, n. 97; As to right of application for continuance on account of illness of party, see 6 R. C. L. 551; 5 R. C. L. Supp. 354.

*J. D. Martin,* and *S. V. Little,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

PACK, J.   Appellant was convicted of the unlawful possession of intoxicating liquor, from which conviction, and sentence by the court, he appeals.

Appellant, through his counsel, applied for a continuance upon the ground that appellant was sick and unable to attend court on the day of trial. The trial court overruled the application, whereupon appellant was tried and convicted in his absence. The sole ground urged for reversal is the action of the court in overruling this application.

It was shown by two physicians of the community, one by affidavit and the other as a witness on the stand, that, in their judgment, appellant was unable to attend court on that day. The first physician certified, under oath, that appellant was confined to his bed, and would be so confined for several days, suffering from "liver and kidney trouble." The second physician said, in part:

"I wouldn't advise him to go out and be up very much. He might be able to come, but not able to stay up."

A third physician was directed by the court to go to the home of appellant and examine him. This physician, accompanied by a deputy, drove to the home of appellant, who refused to be examined in the absence of his family physician. On being asked to await the arrival of his family physician, who was expected shortly to arrive, the officer stated that they did not have time to wait. Appellant was in bed at that time, and the deputy testified, "He looked as healthy as he ever did."

The record does not disclose any competent testimony in conflict with the testimony of the two physicians. The learned trial judge, known for his fairness, probably knew of other facts and circumstances relative to appellant's condition; but, following former holdings, this court will consider nothing save that which appears in the record. The application should have been sustained under the authority of *Corbin* v. *State,* 99 Miss. 486, 55 So. 43; *Haggett* v. *State,* 99 Miss. 844, 56 So. 172.

*Reversed and remanded.*