Jones *v*. State.

In Banc. Nov. 8, 1948.

(37 So. (2d) 311)

**O. D. Brame**, for appellant.

**R. O. Arrington**, Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant was indicted by the grand jury of Simpson County on a charge of wilfully, unlawfully and intentionally pointing a pistol at and toward Dewit Mangum, a human being, not in his necessary self-defense nor in the lawful discharge of his official duty. Jones plead not guilty and moved for a continuance on the ground that he was sick and physically unable to stand trial at the term. In support of his said motion, he offered the testimony of his wife, Dr. D. T. Love, and himself, establishing beyond question that his physical condition rendered it impossible for him to go to trial. The court overruled the motion for continuance and set the trial for the following Monday, when the appellant was tried in his involuntary absence and convicted. This was error.

The appellant had the constitutional right to be present when tried, to be heard in his own behalf, and to be confronted by the witnesses against him. Such right was guaranteed to him by Section 26 of the Constitution, which applies to trials for misdemeanors as well as felonies. In a trial for a misdemeanor, the accused may, by his own fault or misconduct, waive his right to be present. Williams v. State, 103 Miss. 147, 60 So. 73. But, where the absence of the accused is due to his physical inability to attend his trial, it cannot be said that he voluntarily absents himself; and, if tried in his absence, he is thereby deprived of his constitutional right to be present. Corbin v. State, 99 Miss. 486, 55 So. 43; Haggett v. State, 99 Miss. 844, 56 So. 172; Sullivan v. State, 150 Miss. 204, 116 So. 612.

Reversed and remanded.