631 So.2d 159 (1994)
Francisco Garza SANDOVAL
v.
STATE of Mississippi.
No. 90-KA-1334.
Supreme Court of Mississippi.
January 20, 1994.
Jimmy D. McGuire, McGuire & Cox, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:

I.
Francisco Garza Sandoval appeals his Circuit Court of Harrison County conviction in absentia of the felony possession of marijuana with intent to distribute. We must decide if an accused felon waives his presence at trial by his failure to appear at the beginning and at any other stage of the trial within the meaning of Mississippi Code Annotated § 99-17-9 (1972).
Sandoval claims the trial court erred in denying a motion for continuance and in proceeding to trial in his absence. He contends the circuit judge erroneously concluded that he voluntarily absented himself from the scheduled trial and thereby waived his appearance. We conclude that the trial court erroneously held that Sandoval was "in custody and consenting" to trial in absentia and reverse.

*160 II.
Magnum, a narcotics dog with the Harrison County Sheriff's Department, located 76 pounds of marijuana in a warrantless search of Francisco Garza Sandoval's automobile. Sandoval was driving his station wagon, licensed in the State of Texas, on Interstate Highway 10 when he was stopped for speeding by Harrison County Deputy Sheriff Victor Smith. At trial the marijuana was received in evidence based upon Smith's uncontradicted testimony that Sandoval consented to the search after the patrolman had told him that he had a right to refuse. Sandoval, following arrest, was released on a $50,000 appearance bond, however, he was not present on the day of the trial and was tried in absentia. Four days after the trial and his conviction, Sandoval appeared and was sentenced to a term of fifteen (15) years under the supervision of the Mississippi Department of Corrections and fined $10,000.
Sandoval's contentions on appeal are as follows:
(1) The trial court erred in trying the defendant in absentia and after entering judgment nisi on the defendant's bond;
(2) The trial court erred in allowing the State to exercise peremptory challenge of one black juror and one Hispanic juror without giving racially neutral reasons under Batson and Powers decisions;
(3) The trial court erred in failing to grant defense's motion to suppress;
(4) The trial court erred in failing to grant a directed verdict and in denying defense's request for a peremptory instruction of not guilty and further the trial court erred in overruling defendant's motion for judgment notwithstanding the verdict, or in the alternative, motion for a new trial. The trial court further erred in allowing the State to reopen its case twice; and
(5) The trial court erred in failing to grant a peremptory instruction and in failing to grant a "mere presence" instruction, which was the defendant's theory of the case.
We have considered all contentions and conclude that the trial court's holding that Sandoval was theoretically "in custody" and consenting to trial in absentia by failure to appear is error requiring reversal. Our reversal and discussion is limited to Issue (1) as it is dispositive.

III.

The trial court erred in trying the defendant in absentia and after entering judgment nisi on the defendant's bond.
Sandoval appeared at a preliminary hearing and was in his attorney's office involved in trial preparation the day before the trial. When Sandoval failed to appear the morning of trial, his attorney moved for a continuance of one week. The circuit judge ruled Sandoval had waived his appearance; denied the motion; forfeited the appearance bond; entered a judgment nisi against the bond sureties; directed the clerk to issue a capias to bring him before the court; and proceeded with the trial.
While taking up last minute matters before jury empanelment on Wednesday morning, December 3, 1990, counsel for Sandoval announced to the court that his client was not present. Counsel stated that Sandoval was present for pre-trial motions on Monday, December 1. Sandoval's attorney also informed the court that Sandoval met with him until 5:15 p.m. on Tuesday, December 2, and was informed by him to return to his office no later than 8:00 a.m. on Wednesday morning. Counsel informed the court that Sandoval did not appear in his office on Wednesday morning and that, as of 10:15 a.m., neither he nor Sandoval's bondsman had been able to locate Sandoval. Sandoval's attorney announced the defense was not ready for trial and moved for a one-week continuance to enable the attorney to locate Sandoval. The State announced it was ready for trial and objected to the motion for continuance on the grounds that Sandoval knew of the Wednesday trial date and "voluntarily absented" himself.
The trial court, following the "guidelines" in Samuels v. State, 567 So.2d 843 (Miss. 1990), concluded:

*161 [He] voluntarily absented [himself] from what [he] knew to be a trial, a trial date, and I think [he has] waived [his] presence at trial, which is certainly [his] right to do, by [his] nonappearance this morning.
The circuit judge then overruled the motion for a continuance and proceeded to try Samuels in absentia.
Sandoval contends he was prejudiced by trial in absentia as follows:
(1) He was not present to explain what he meant in custodial statements admitted in evidence;
(2) He was not present to deny knowledge that the marijuana was present in the vehicle to contradict State's constructive possession theory; and
(3) He was not present to demonstrate his inability to speak English to contradict State's claim that he knowingly consented to the search.

IV.
For over 145 years this Court has recognized that an accused felon, present at the commencement of his trial, may thereafter waive his presence by absenting himself from the trial. Some of these decisions came before the 1857 passage of what is now Mississippi Code Annotated § 99-17-9 (1972) (unchanged since 1857):
Mississippi Code Annotated § 99-17-9 (1972) provides:
In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant, in cases less than felony, be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court. (emphasis added)
This Court in Samuels interpreted this law to permit trial of Samuels in absentia on these facts:
Trial in the case was originally set to begin at 9:00 a.m. on December 1, 1987. Shortly after 9:00 a.m., the State and the defense, represented by counsel, announced they were ready for trial. The jury was brought into the courtroom and impaneled. The defense attorney walked outside the courtroom into the hallway to confer with appellant and then returned to the courtroom. Appellant did not follow his attorney back into the courtroom and, thinking he had gone to the restroom, the attorney so reported to the court. However, it was soon determined that the appellant was no longer in the courthouse.
... .
Appellant's attorney moved for a continuance to reschedule the case on the basis that his client and several witness (sic) had left the courthouse. The court granted the motion for continuance but stated that it was of the opinion, that since the parties announced ready for trial that the defendant was effectively in custody for the purpose of trial, and that he had voluntarily absented himself, fled the courthouse in an attempt to avoid prosecution and that his voluntary absence constituted a waiver of his right to be present at trial. A bench warrant was issued for appellant's arrest.
The case was reset for trial on January 5, 1988 and when called on that date, the appellant still had not been arrested and was not present. However, his attorney was present and stated to the court that he had not heard from his client since the last continuance and moved for a continuance until appellant could be apprehended.
Samuels, 567 So.2d at 844-45.
These significantly different facts are present in this case. Sandoval did not appear at the commencement or at any other stage of the trial. The defense did not announce ready for trial. Defense counsel's motion for a trial continuance of one week was overruled and the trial was conducted as scheduled without Sandoval's presence.
This Court ruled that Samuels had waived his presence at trial and cited this rule as *162 authority but went on to interpret "in custody" to include an accused felon while released on a "recognizance bond." Id. The settled law of this state supported the waiver on the particular facts in Samuels. Resorting to the "general law" proposition in 8 Am.Jur.2d Bail and Recognizance, § 4 at 581-583 (1980) that "constructive custody" is sufficient to satisfy the "in custody" statutory requirement. A review of some of those decisions follows:
Scaggs v. State, 16 Miss. 722, 725 (1847). "[I]t does not appear that the prisoner was present during the whole of the trial of the indictment." The Court concluded that error existed and reversed the conviction and remanded the case for a new trial.
Price v. State, 36 Miss. 531 (1858). Price's felony conviction was affirmed although he was absent from the courtroom when the jury returned the verdict. Price was present in court during the trial until the case was submitted to the jury. This case was decided before the adoption of the statute under examination. The Court reasoned:
He was present in court when the trial was commenced, and when the case was put to the jury; and though under recognizance of bail before that time, for his appearance to answer the charge brought against him, he was no longer at liberty, but was in custody of the law. If he afterwards withdrew from the court, or escaped, so as not to be present at the return of the verdict, it is by his own unlawful act, of which he should not be permitted to take advantage. His absence must be considered, at least, as a waiver of his right to be present; and his own illegal act should not be permitted to thwart the process of the law to his advantage.
Id. at 542-43.
The Court ruled Price had waived his right to be present at that stage of the trial.
Stubbs v. State, 49 Miss. 716 (1874). Stubbs was convicted of murder and on appeal he claimed he was not present in court when the jury returned the verdict. The Court reversed the conviction and held:
The rule that the accused, in cases of felony, must be present in person pending the trial, ... is not an open question in this State... . (emphasis added)
Id. at 724.
The Court noted the distinction in the rule between felonies and misdemeanors and concluded "[T]he better opinion is, that the rule should be adhered to in felonies from the arraignment to the final sentence." Id. The opinion made no reference to the statute in question which became law in 1857.
In Gales v. State, 64 Miss. 105, 106, 8 So. 167 (1886), the opinion recites:
Appellant has no cause to complain of the action of the court in entering judgment of forfeiture on his bond, or in receiving the verdict of the jury in his absence. (emphasis added)
Id. at 107, 8 So. 167.
The Court ruled:
It was his right, and being on bail, his duty, to be present during the progress of the trial, but if after the trial commenced he voluntarily absented himself, or absconded, he must take the consequences of his bond being declared forfeited, and of the trial being concluded in his absence. (citations omitted) (emphasis added)
Id.
Chief Justice Whitfield, writing for the Court in Sherrod v. State, 93 Miss. 774, 47 So. 554, 555 (1908), which reversed a capital conviction, restated the applicable law:
First. In the trial of all felonies, not capital, where the defendant is on bond, and has been present throughout the delivery of the testimony, up to the rendition of the verdict, but is absent at the rendition of the verdict, voluntarily, he will not be permitted to avail himself of his own wrong in being thus voluntarily absent, but the verdict may be properly received in his absence. In other words, he may waive the right to be present when the verdict is received, which is not, as seems popularly supposed, a constitutional right, though a very sacred right, secured by the *163 common law as well as by statute. (emphasis added)
47 So. at 555.
As reasons supporting that conclusion, that Court stated:
Unquestionably a party put to answer any criminal charge may plead guilty, or nolo contendere. In such case, he waives a trial altogether... . The law in such cases will not compel him to make defense for himself, nor will it make defense for him. It will only afford him just opportunity to do so for himself... . If the prisoner may thus waive his right to a trial altogether, why may he not waive his right to be present at his trial, if he shall, for any cause, see fit to do so? ... [B]ut the waiver should appear to the satisfaction of the court, either expressly, or by reasonable implication from what he says, or by his conduct.
... "In such cases, if the defendant fly, pending the trial, the court is not bound to stop the trial and discharge the jury (that is, where the defendant on a charge less than a capital one is on bail), and thus give the defendant a new trial. To do so would compromise the dignity of the court, trifle with the administration of justice, and encourage guilty parties to escape. The defendant has no right, fundamental or otherwise, that renders such absurd practice and procedure necessary."
... .
... ["]And his absence must be due to his own voluntary act; for, if he is prevented from being present by being confined in jail, proceeding with the trial in his absence will be an irregularity for which a new trial will be granted."
47 So. at 557.
Thomas v. State, 117 Miss. 532, 78 So. 147 (1918). Thomas voluntarily left the courtroom and went to the toilet, remaining for about ten minutes outside the courtroom. During that time, two jurors were examined. Upon conviction, Thomas claimed that this trial proceeding in his absence violated his constitutional right to be heard and to be present at his trial, a right given by the common law, and guaranteed by Mississippi Constitution Article 3, Section 26. The Court noted that for over a quarter of a century, no mention had been made of the statute here in question. In interpreting the waiver statute, the Court concluded:
We think the meaning, purpose, and intent of the statute are plainly expressed by its language, and that it is valid and constitutional. It simply means that in all criminal cases the accused may waive his presence at any stage of the trial, if in custody, and the trial will proceed in his absence, provided he consents thereto; and provided, further, that such proceeding in the absence of the accused meets with the discretionary approval of the court. (emphasis added)
Id. at 542, 78 So. 147.
Applying the statute, the Court held "that [Thomas] was in custody and waived his right to be present in this case when he voluntarily left the courtroom and remained away from his trial for a few minutes." Id. at 543, 78 So. 147. Thomas' absence was not timely raised by counsel. The Court also noted there was no showing that the accused was harmed or prejudiced by his absence from the courtroom and concluded, unless there is a showing of a substantial injustice, such error did not justify reversal.
In Ford v. State, 170 Miss. 459, 155 So. 220 (1934), this Court affirmed Ford's murder conviction finding no prejudice shown by his absence when he was in custody in the county jail during the drawing of a special venire. Ford was brought to the courtroom within fifteen minutes thereafter. The Court concluded Ford had voluntarily waived his presence to that stage of the trial under the statute when defense counsel, without objection, proceeded in Ford's absence. The Court recognized that since the Thomas decision, the statute had been made applicable in capital cases also.
In Jones v. State, 204 Miss. 284, 37 So.2d 311 (1948), the Court noted:
Jones plead not guilty and moved for a continuance on the ground that he was sick and physically unable to stand trial at the term... . The court overruled the motion for continuance and set the trial for the following Monday, when the appellant was *164 tried in his involuntary absence and convicted. This was error. (emphasis added)
Id. at 286, 37 So.2d 311.
The Court held:
The appellant had the constitutional right to be present when tried, to be heard in his own behalf, and to be confronted by the witnesses against him. Such right was guaranteed to him by Section 26 of the Constitution, which applies to trials for misdemeanors as well as felonies. In a trial for a misdemeanor, the accused may, by his own fault or misconduct, waive his right to be present.
Id.
In McMillian v. State, 361 So.2d 495 (Miss. 1978), McMillian was present when his trial began and when the jury was examined, selected and sworn. Following the lunch break when court reconvened, McMillian was not present. The trial court continued the trial in McMillian's absence over defense counsel's objection and the jury returned a verdict of guilty. On appeal, this Court ruled McMillian, by his absence after trial had begun, had waived his presence as permitted by the statute in question and affirmed the conviction. McMillian is authority for application of the statutory waiver when an accused felon is present at the beginning of trial but is absent from the trial thereafter.
The United States Supreme Court has strictly construed Federal Rule of Criminal Procedure Rule 43 which permits trial of accused felons in absentia. Recently, the United States Supreme Court in Crosby v. United States, ___ U.S. ___, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), resolved the conflict among the federal courts of appeal on the application of Federal Rule of Criminal Procedure Rule 43 and concluded:
The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial in absentia of a defendant who is not present at the beginning of trial. Because we find Rule 43 dispositive, we do not reach Crosby's claim that his trial in absentia was also prohibited by the Constitution.
Id. at ___, 113 S.Ct. at 753.
The Court reversed Crosby's conviction in absentia of mail fraud and remanded it for further proceedings consistent with the opinion.

V.

CONCLUSION
Mississippi Code Annotated § 99-17-9 (1972) clearly states the waiver rule in felony cases "if he be in custody and consenting thereto" and then makes an exception for misdemeanors. Only in discussing "cases less than felony" does the statute permit trial in absentia of defendant "on recognizance or bail." This statute, unchanged since 1857, expresses the legislative intent to limit waiver of trial presence of accused felons to those instances where the accused is "in custody and consenting thereto."
The decisions of this Court prior to Samuels consistently applied the rule that an accused felon present at the commencement of his trial may thereafter waive his appearance by absenting himself from the trial. Under those facts, the trial may be continued in the Court's discretion.
We conclude the trial court abused its discretion by trying Sandoval in absentia on the facts of this case. The conviction of possession of marijuana with intent to distribute and sentence of fifteen years under the supervision of the Mississippi Department of Corrections and a $10,000 fine is reversed and remanded for a new trial consistent with this opinion.
REVERSED AND THIS CASE IS REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY FOR A NEW TRIAL.
HAWKINS, C.J., and SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., concurs in results only.
SMITH, J., dissents with separate written opinion joined by PRATHER, P.J., and JAMES L. ROBERTS, Jr., J.
*165 SMITH, Justice, dissenting:
The majority concludes the trial court abused its discretion by trying Sandoval in absentia on the facts of this case. They write that Miss. Code Ann. § 99-17-9 (1972) clearly states the waiver rule in felony cases "if he be in custody and consenting thereto" and then makes an exception for misdemeanors. The majority then states "[o]nly in discussing `cases less than felony' does the statute permit trial in absentia of defendant `on recognizance or bail.'" They believe the statute to be unchanged since 1857, and that it "expresses the legislative intent to limit waiver of trial presence of accused felons to those instances where the accused is `in custody and consenting thereto.'"
The majority states that Sandoval appeared at a preliminary hearing, was in his attorney's office involved in trial preparation the day before the trial, and just subsequently later failed to appear for trial. A review of the record fails to fully support these allegations. In fact, Sandoval's preliminary hearing was on February 8, 1990, some ten months prior to the time of trial. The record reveals Sandoval attended that hearing.
Sandoval was allowed to post a sizable surety bond returnable to December 3, 1990. The record also reveals that Sandoval was present in court on December 3rd, and 4th. Sandoval's attorney advised the trial judge that Sandoval had been in his office as late as 5:15 p.m. on December 4th, preparing for trial due to commence on December 5th. Sandoval's attorney advised the trial judge that he personally told Sandoval to return to his office at 8:00 a.m. on the morning of December 5, 1990, to conclude final preparations and to be present in the court for motions which were set for a hearing prior to trial.
The majority fails to acknowledge that this case, according to the trial record, was actually set for trial on December 3, 1990. Sandoval had been initially released on a fifty-thousand dollar ($50,000) bond. Sandoval and witnesses had travelled from his home in Brownsville, Texas, for the second time concerning his case. Sandoval was physically present in the courtroom, receiving instructions from the trial court on the two days preceding the actual commencement of his trial. Sandoval was well aware that his case was second up and would be tried after the other case was disposed of on Tuesday, December 4, 1990.
The majority implies that they are either overruling Samuels v. State, 567 So.2d 843 (Miss. 1990), or that they are simply distinguishing Samuels factually from the case at bar. I perceive that they are attempting to effectively overrule Samuels. Their language of "unnecessary and erroneous" relating to "in custody," clearly indicates that the objective of the opinion is to overrule Samuels. They are doing so at the expense of the trial judge who asserted that he was following the Samuels ruling of this Court and applying it to the facts of this case. I would submit that this sends a message of inconsistency to our trial judges who diligently strive to conduct trials in accordance with the guidelines we mandate within our decisions  in this particular case, Samuels.
The majority recites that for over 145 years this Court has recognized that an accused felon, present at the commencement of his trial, may thereafter waive his presence by absenting himself from the trial. They are correct. However, I fail to see a tremendous difference in a defendant's absenting himself during substantive portions of the trial versus his being absent at commencement of trial. Sandoval's initial presence on December 3, 1990, the date trial was originally set to begin, serves to assure that any waiver on his part is indeed knowing and voluntary. Any defendant who flees subsequent to being present initially and being fully informed as was Sandoval, should never be allowed to successfully claim involuntariness, thus effectively avoiding waiver. Allowing a defendant with the knowledge Sandoval possessed, under the facts of this particular case, to receive the benefit of a new trial, effectively makes a mockery of the requirements of bail and the entire criminal justice system. Sandoval without any explanation of his voluntary absence from his actual trial proceedings has "side stepped" the system. In accordance with this Court's decision in Samuels, he should not be allowed to prevail as the majority suggests.
*166 This Court in Samuels interpreted Miss. Code Ann. § 99-17-9 to permit trial of Samuels in absentia. The Court stated:
We are of the opinion that when the appellant, Samuels, executed a recognizable bond, which required his presence before the court, he was no longer at liberty but was in the custody of the law. (citations omitted)
... .
The primary purposes of bail in a criminal case are to relieve the accused of imprisonment, to relieve the state of the burden of keeping him, pending the trial, and at the same time to keep the accused constructively in the custody of the court, to assure that he will submit to the jurisdiction of the court and be in attendance thereon whenever his presence is required.
... .
A defendant's knowing, intelligent and voluntary absence from his trial acts as a waiver of his Sixth Amendment right to confrontation... . A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences... . When after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding.
... .
An accused person released on bail is not only in the custody of bail, but he is also in custody of the law; the accused is deemed to be as much under the power of the court as if he were in custody of the proper officer.
567 So.2d at 845-846.
Payment by sureties of a judgment nisi on a bond would never suffice to discharge a defendant from his obligation to appear in court. Bail is simply a means of requiring, by court order, a defendant to submit to trial and punishment if convicted. A defendant is most definitely in custody and under the jurisdiction of the trial court while on bail.
Finally in Samuels, this Court addressed the issue of voluntary absence. The Court stated: "It is undisputed that Samuels' absence from the court was voluntary. Therefore, in the opinion of this Court, he waived his right to be present at trial." Id. at 846, citing McMillian v. State, 361 So.2d 495 (Miss. 1978); Thomas v. State, 117 Miss. 532, 543, 78 So. 147, 149 (1918). Relying upon Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), this Court further held in Samuels:
A defendant's knowing, intelligent and voluntary absence from his trial acts as a waiver of his Sixth Amendment right to confrontation. And lest there be any misconception, nothing in Diaz suggests that this voluntary absence must take place after the trial has begun in order for there to be a waiver . .. When after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding.
Id. at 846 (quoting Brewer v. Raines, 670 F.2d 117, 119 (9th Cir.1982).
In the case sub judice, Sandoval appeared in the courtroom on the date the case was set for trial. He was well informed by the trial judge of the status of the proceedings in his case, when the actual pre-trial hearings would occur and when the actual trial would begin. His attorney properly instructed him on dates, times and places to be regarding his trial. However, for some reason, Sandoval voluntarily absented himself from the proceedings the morning of his trial. This choice was made of his own free will and volition. No explanation by Sandoval for his actions was ever furnished the trial court in a Motion JNOV, Motion for A New Trial, or supplement to the record. Neither is this Court furnished with an explanation for Sandoval's absence.
This Court in Samuels pointed out that a defendant's absence from any critical stage in proceedings against him will not violate his constitutional rights as long as he is represented by counsel. Sandoval was represented by counsel at all stages of his trial. The exception to the above rule is when defendant's presence is necessary to prevent prejudice against him. 567 So.2d at 845, citing Caldwell v. State, 481 So.2d 850, 852 (Miss. 1985). The Court went on to rule, however, that because the defendant had executed a *167 recognizance bond which would require him to appear in court, he was "in custody" within the meaning of § 99-17-9, and, further, that because his absence from the court was voluntary, he had waived his right to be present at the trial. Id. at 845-846. Sandoval chose to be absent from his trial, and cannot now claim that he did not have an opportunity to put on a defense to the State's case-in-chief. He has not demonstrated any prejudice nor has he demonstrated how his absence denied him a fair trial.
The majority relies on the recent United States Supreme Court case of Crosby v. United States, ___ U.S. ___, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), claiming that it resolved the conflict among the federal courts of appeal on the application of Federal Rule of Criminal Procedure Rule 43, holding that the rule prohibits trial in absentia. Crosby's conviction was accordingly reversed. However, the majority in the case sub judice fails to take note that Mississippi has no Rule 43. Additionally, the United States Supreme Court in Crosby, specifically stated that, "We do not reach Crosby's claim that his trial in absentia was also prohibited by the Constitution." Id. at ___, 113 S.Ct. at 753. Since Crosby was not based on any constitutional issue, that case has no application in interpreting Mississippi statutory law. The Samuels Court's interpretation of § 99-17-9 is still valid.
The recent 1990 decision of this Court in Samuels with Chief Justice Roy Noble Lee writing for the Court was unanimous. Five members of the Samuels Court are still members of this Court. A scant three years later the majority, some of whom concurred with Samuels, now aver that the Court did not mean what it said in Samuels. Confusion abounds and consistency goes out the window. Our trial judges deserve a better road map to follow in conducting trials.
I respectfully dissent.
PRATHER, P.J., and JAMES L. ROBERTS, Jr., J., join this opinion.