IN THE SUPREME COURT OF MISSISSIPPI
NO. 2000-KA-00628-SCT

*JANICE MALLARD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2000 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN EDWARD JACKSON |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DUNN O. LAMPTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED- 10/25/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/15/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Janice Mallard was indicted for sale of marijuana, a felony under Miss. Code. Ann. § 41-29-139 (2000). Mallard failed to appear on the date set for trial. Despite her absence, Mallard's trial proceeded, with the jury reaching a verdict of guilty. Mallard appeared for sentencing three days after the jury verdict, and she was sentenced to serve three years in the custody of the Mississippi Department of Corrections and pay a $5,000 fine, restitution and all court costs. Finding that the trial court did not err in trying Mallard in her absence, we affirm.

**FACTS**

¶2. Charged with the crime of unlawful sale of marijuana, Janice Mallard was originally scheduled for trial to begin on March 20, 2000. Before 9:00 that morning, Mallard and her attorney were advised by William E. Goodwin, the assistant District Attorney, that the trial would go forward the next day, Tuesday, March 21.[1]

¶3. Mallard failed to appear for trial on March 21, 2000. During questioning from the trial court, Mallard's attorney informed the court about his efforts to ensure Mallard came to trial including reminding her of the trial date in his office the afternoon of March 20, as follows:

> I had a meeting with my client yesterday afternoon (March 20) and we went over some of the defenses with Ms. Mallard about her defense in this case. And I again advised her that the trial would be today, which would be Tuesday (March 21). Before I left Ms. Mallard, I advised her to call me around 10:00 last night. It's a practice that I normally have. I did not receive that phone call at 10:00

last night. Ms. Mallard does not have a telephone. There is a neighbor, who I think lives approximately a mile, a mile or so down the road, where she gets her phone calls. I expected Ms. Mallard to be here at 8:00. She was here yesterday, pursuant to my instructions to be on time, to be here at 8:00. In fact, she beat me here. I instructed her to be here at 8:00 today. And as of now, I think it's approximately 9:20, and I have not seen Ms. Mallard. I made a telephone call to the neighbor to inquire as to Ms. Mallard's whereabouts. The gentleman who answered told me she was not there. He was advised by some lady that Ms. Mallard left very early this morning, going to New Orleans. That is the last bit of information that I have.

¶4. The trial court noted that Mallard's case appeared on the Walthall County Circuit Court trial docket, scheduled for trial the previous day, March 20, 2000. Mallard's attorney announced ready for trial, but raised an issue as to possible health problems as an excuse. Upon being advised of possible health issues, the trial court, after a brief investigation, noted that no hospital admission was recorded for Mallard by Southwest Mississippi Medical Center in McComb, Mississippi. In finding that Mallard and her attorney were present and ready for trial on the previous day, the trial court found that Mallard had absconded to avoid trial and would suffer no prejudice were the case to proceed in her absence. At no time was there an objection made to the trial in absentia. Mallard first raises the issue of error by the trial court in allowing her trial in absentia in her motion for new trial.

¶5. Mallard's trial proceeded in her absence, with the jury returning a verdict of guilty. Three days later Mallard appeared for sentencing. Again, no objection was made to her trial in absentia. Mallard was sentenced to three years in custody and ordered to pay a $5,000 fine, attorney's fees and associated court costs.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN PROCEEDING WITH THE TRIAL IN THE ABSENCE OF MALLARD?

¶6. The Court is confronted with the unexplained absence of the defendant and the lack of an objection to the trial in absentia when Mallard ultimately appeared at sentencing. The applicable statute with respect to trial in the absence of the accused only recognizes waiver by a prisoner at the discretion of the Court "[if he be in custody and consenting thereto." Miss. Code Ann. § 99-17-9 (2000).

¶7. We have held that "an accused felon present at the preliminary hearing and who was in the attorney's office in trial preparations the day before trial, but who did not appear at commencement or other stages of trial, did not waive his presence at trial by his failure to appear." *Sandoval v. State*, 631 So. 2d 159, 164 (Miss. 1994).

¶8. Mallard was present at the courthouse with her lawyer when the case was originally set for trial on Monday, March 20. She and her attorney were informed by the prosecutor that her case would begin the next day. On the designated trial date Mallard failed to appear for trial. Her attorney advised the court of her actual knowledge of the designated trial date. This by itself does not meet the high threshold for waiver set out in *Sandoval*. Unlike *Sandoval*, Mallard made no motion for a continuance or objection for proceeding to trial in her absence. Likewise, three days after the trial, when Mallard appeared in open court for sentencing, no objection was made to the trial in absentia nor was any explanation offered for her absence. From this we can only conclude Mallard's absence was knowing, intelligent and voluntary. In

order to preserve an error for appellate review a contemporaneous objection must be made and if no objection is made appellant waives the error by not making the objection at the earliest opportunity. *Smith v. State*, 530 So. 2d 155, 161-62 (Miss. 1988).

¶9. Since Mallard failed to object to the trial in absentia, we find this assignment of error to be without merit.

## II. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?

## III. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION IN DENYING MALLARD'S MOTION FOR A NEW TRIAL.

¶10. Mallard argues that the evidence was not legally sufficient to sustain her conviction and that the verdict was against the overwhelming weight of the evidence. A challenge to the sufficiency of evidence relates to motions for directed verdicts and JNOV. *Noe v. State*, 616 So. 2d 298, 302 (Miss. 1993). The standard of review for a motion for directed verdict, requires examining the evidence and all reasonable inferences drawn therefrom most favorably to the State and disregarding all evidence in favor of the defendant, to see if sufficient exists to support a verdict of guilty. *Holmes v. State*, 660 So. 2d 1225, 1227 (Miss. 1995).

¶11. Mallard argues the confidential informant was not credible and was repeatedly caught in falsehoods and lies. Anthony Harris, the State's confidential informant, positively identified Mallard from a photograph and described the sales transaction. Testimony was presented by a narcotics agent concerning the required searching of Harris before and after the transaction. Two narcotics agents monitored the transaction via a body wire transmitter. The recorded conversation of Mallard selling the marijuana and the lab results confirming the substance purchased as marijuana were admitted into evidence.

¶12. While there was only one eyewitness to the actual transaction, there were a total of four witnesses for the State, other than Harris, corroborating various aspects of the marijuana sale. Harris was cross-examined and his credibility was tested before the jury. When an informant testifies in open court and his background is thoroughly explored, it is up to the jury to assess his credibility. *Clayton v. State*, 582 So. 2d 1019, 1021 (Miss. 1991). Viewing the evidence most favorably to the State, there was sufficient evidence to sustain the jury verdict.

¶13. Looking at the evidence presented it can be seen that reasonable fair-minded jurors could find Mallard guilty. This Court is authorized to reverse "only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987).

¶14. A motion for a new trial is discretionary with the trial judge, and we will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence to allow it to stand would sanction an unconscionable injustice. *Lane v. State*, 562 So. 2d 1235,1237 (Miss. 1990). Mallard bases her arguments for a motion for new trial and verdict against the overwhelming weight of evidence on her trial in absentia and Anthony Harris's testimony which have already been addressed and found without merit.

## CONCLUSION

¶15. For these reasons, Mallard's conviction and sentence are affirmed.

¶16. **CONVICTION OF SALE OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A $5,000 FINE, RESTITUTION, AND COSTS, AFFIRMED.**

**PITTMAN, C.J., SMITH, MILLS, DIAZ AND EASLEY, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. BANKS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J.**

**BANKS, PRESIDING JUSTICE, DISSENTING:**

¶17. I am compelled to dissent because the majority concludes that there was a waiver by silence when in fact the governing statute permits waiver only under circumstances not present in the instant case. It should be obvious that if one cannot explicitly waive presence at trial, then one cannot be deemed to have waived presence by a failure of one's attorney to object.

¶18. The governing statute provides for waiver of the right of a felony defendant to be present at trial only where the defendant is consenting and in custody. Miss. Code Ann. § 99-17-9 (2000); *Sandoval v. State*, 631 So. 2d 159, 164 (Miss. 1994). The statute itself is explicit in the fact that bail or recognizance is not "custody" as it used the term because in the very next sentence it provides for the trial in absentia of misdemeanor offenders who are on "recognizance or bail." *Id.* The State urges that we simply ignore this and go back to *Samuels v. State,* 567 So. 2d 843 (Miss. 1990). which held that bail and custody were synonymous under the statute. It is obviously not, and to retreat to *Samuels* would be a lawless abandonment of the proper role of this Court.[(2)]

¶19. There is a problem, as indicated by the trial judge in the instant case, because it appears that too many offenders, especially drug offenders, fail to appear for trial at some cost to the State in terms of witness travel, jury fees and travel, and the like. It is a problem which should be addressed by the Legislature. Over the past several years a bill has been introduced each year to address that problem but none has passed. This Court cannot, within the bounds of judicial propriety, simply rewrite a statute governing how the State will conduct itself in criminal proceedings, absent a finding that some higher authority, namely the Constitution, is offended. Unless and until the Legislature sees fit to change the statute, our courts are left with revocation of bail and other sanctions as remedies for those who fail to appear.

**McRAE, P.J., JOINS THIS OPINION.**

1. The record reflects that a bench warrant was issued for the arrest of Anthony Harris, the confidential informant, for failing to appear at Mallard's trial on March 20, 2000. Further, the confidential informant was obviously taken into custody prior to Mallard's trial on the following day, as he testified against her. No discussion of this appears in the record.

2. In an attempt to create an ambiguity in the statute the State notes that the misdemeanor sentence there refers to, among other forms of charge, the pendency of an indictment. The State then asserts without authority that indictments are reserved for felonies. This is simply not true. *See, e. g.,* Miss. Code Ann. § 65-7-119 (2001); *State v. Pascagoula Veneer Co.*, 227 So. 2d 286 (Miss. 1969); *Pendergrass v. State*, 193 So. 2d 126 (Miss. 1966); *Smith v. State*, 198 Miss. 788, 24 So. 2d 85 (1945); *Keene v. State*, 194 Miss. 233, 11 So. 2d 899 (1943); *Ex parte Tucker*, 164 Miss. 20, 143 So. 700 (1932)(

noting that the statute setting up the county court provided for the transfer of the numerous misdemeanor indictments to that court). Our code speaks to the form of indictment for several crimes, most notably those governing gambling, intoxicating beverages and lotteries, most of which are misdemeanors. Miss. Code Ann. §§ 99-7-27, -29 & -35. There is no ambiguity in the statute admitting to the State's interpretation.