942 So.2d 234 (2006)
Edward SESSOM a/k/a Wayne Sessom, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02511-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied August 22, 2006.
Jack R. Jones, Southaven, attorneys for appellant.
*235 Office of Attorney General by Jacob Ray, attorneys for appellee.
EN BANC.
ROBERTS, J., for the Court.
¶ 1. A DeSoto County jury convicted Edward Sessom of felony escape. The court sentenced him to serve five years in the custody of the Mississippi Department of Corrections. Aggrieved, Sessom appeals and asserts that the trial court erred (1) in denying his motion for a directed verdict, motion for a judgment notwithstanding the verdict, and motion for a new trial, and (2) in allowing the prosecution to impeach a defense witness with proof of a prior conviction. Finding no error, we affirm.

FACTS
¶ 2. On May 13, 2004, Sessom was scheduled to stand trial for conspiring to bring marijuana into the DeSoto County Jail. The trial was set to take place before Circuit Judge George Ready. However, Sessom failed to appear at the appointed time, so Judge Ready dismissed the attorneys and the jury. Later, as Judge Ready was presiding over other court matters, a court employee informed him that Sessom had arrived at the courthouse.
¶ 3. Judge Ready, accompanied by the bailiff, conversed with Sessom about his failure to appear for trial. Judge Ready explained to Sessom that his bond had been revoked as a result of his failure to appear earlier that day. Judge Ready then ordered the bailiff to take Sessom into custody to secure his presence at the next trial date. The bailiff took Sessom into custody and escorted him to a holding room within the courthouse. Thereafter, Sessom exited the holding room to converse with his attorney. The bailiff followed Sessom out of the holding room, maintained a hold of him and reminded him that he was still under arrest. As the bailiff attempted to handcuff Sessom, Sessom broke free and fled from the courthouse.
¶ 4. An arrest warrant was issued for Sessom, and shortly thereafter, Memphis police officers, acting on a Crime Stoppers's tip, discovered Sessom hiding in an abandoned house in Memphis. The officers took Sessom into custody based on the Mississippi warrant. Sessom was subsequently indicted, tried and convicted of felony escape under Mississippi Code Annotated section 97-9-49(1) (Rev.2000).

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Post-trial Motions
¶ 5. Sessom contends that the trial court erred in overruling his motions for directed verdict, judgment notwithstanding the verdict, and motion for a new trial. We address each in turn.
¶ 6. A motion for a directed verdict or judgment notwithstanding the verdict both challenges the legal sufficiency of the evidence presented at trial. The Mississippi Supreme Court has stated:
that in considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows "beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." However, this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, *236 the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Conversely, a motion for a new trial challenges the weight of the evidence. "The evidence should be weighed in the light most favorable to the verdict." Id. at (¶ 21). We will only disturb a verdict when it is "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Id. (citing Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss. 2005)).
¶ 7. Sessom argues that the proof fails to support his conviction for felony escape.[1] He contends that he was arrested for contempt of court, that is, failing to appear on time for trial on the conspiracy charge,[2] which is a misdemeanor offense. Therefore, Sessom urges us to reverse his conviction and remand for proper sentencing under the dictates of Mississippi Code Annotated Section 97-9-49(1), which states:
Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
(emphasis added).
¶ 8. It is important to understand Sessom's status on May 13, 2004. On that date, Sessom was supposed to appear for his trial on three counts relating to an alleged attempt to smuggle drugs into the Desoto County Jail. Specifically, count one charged Sessom with the felony of conspiracy to smuggle drugs into the jail in violation of Section 97-1-1(a) of the Mississippi Code. Count two charged Sessom with the felony of bringing controlled substances into the jail in violation of Section 47-5-198 of the Mississippi Code. Count three charged Sessom with an attempt to possess illegal controlled substances in the Desoto County Jail. All three counts are felony crimes.
¶ 9. The trial exhibits included the general affidavit and warrant signed by Justice Court Judge Ken Adams. Those documents charged Sessom with the conspiracy to bring drugs into a correctional facility and included a scheduling order that indicated that a $5,000 bond had *237 been set. Sessom made bond on the felony charge. By statute, the conditions of Sessom's bond required his appearance at the next regularly scheduled grand jury to await action and remain day to day and term to term until discharged according to law. See Miss.Code Ann. § 99-5-1 (Rev.2000).
¶ 10. On May 13, 2004, the circuit court judge, the district attorney, Sessom's defense counsel, the jury pool, the court reporter, witnesses, and everyone else was present and ready to afford Sessom his constitutional right to a fair and impartial trialeveryone except Sessom. He failed to appear. As such, he violated the condition of his felony bond. The circuit court judge had no option but to dismiss the jurors, revoke Sessom's bond, issue a bench warrant for Sessom's arrest, and direct the circuit clerk to enter a judgment nisi on Sessom's bondsman. See Miss. Code Ann. § 99-5-25(1)(a) (Rev.2000).
¶ 11. On May 13, 2004, Sandoval v. State, 631 So.2d 159 (Miss.1994) was the law in Mississippi. Pursuant to Sandoval, the circuit court had no authority to try Sessom in his absence and the trial judge did not have the option to proceed with trial. Id. at 164. Additionally, the trial judge followed the requirements of Section 99-5-25 of the Mississippi Code. According to that Section:
If a defendant . . . fails to appear for any proceeding as ordered by the court, then the court shall order the bail forfeited and a bench warrant issued at the time of nonappearance. The purpose of bail is to guarantee appearance and bail shall not be forfeited for any other reason. Upon declaration of such forfeiture, the court shall issue a judgment nisi. The clerk of the court shall notify the surety of the forfeiture by writ of scire facias within five (5) working days of the entry of such order of judgment nisi either by personal service or by certified mail.
Miss.Code Ann. § 99-5-25(1)(a).
The Legislature did not amend Section 99-17-9 of the Mississippi Code until July 1, 2005. That amendment effectively overruled Sandoval as it relates to trial of a felony offender in his absence.
¶ 12. So, what was Sessom's legal status when he showed up in the courtroom two hours after the jury had been discharged? Put simply, he was an indicted alleged felon who had violated the condition of his appearance bond when he failed to appear for trial. Judge Ready told him that in the courtroom. Judge Ready specifically told Sessom that his bond was revoked and that he was placed in the custody of the sheriff so that he would be guaranteed to appear at his next scheduled trial date. Sessom got his information straight from the proverbial horse's mouth. It was only afterwards that Sessom forcibly broke away from the deputy sheriff and fled the courthouse.
¶ 13. Sessom was convicted under Section 97-9-49(1) of the Mississippi Code. A common sense reading of the statute mandates the conclusion that a defendant who escapes custody from an underlying felony charge has committed a new felony; whereas, a defendant who escapes custody from an underlying misdemeanor charge has committed a new misdemeanor offense. A defendant who escapes the courthouse during a recess in his capital murder trial has not committed a misdemeanor. Conversely, a public drunk who runs away from an officer attempting to place him in handcuffs does not have to worry about five years in the penitentiary.
¶ 14. Sessom's appeal counsel suggests that Sessom was in contempt of court. Nowhere in this record is there any proof that Sessom was ever charged with contempt *238 of court. Was it constructive contempt or direct contempt? When was his trial scheduled on the contempt charge? Where is the court order that compels Sessom to be present on May 13, 2004? Where is the warrant for his arrest on contempt? Contempt of court was solely an idea of Sessom's attorney after his client's conviction. It certainly cannot be classified as a lesser-included offense of felony escape. What is more, counsel for Sessom cites Williams v. State, 420 So.2d 562 (Miss.1982) as his authority. Williams was decided based upon Section 97-9-51 of the Mississippi Code. Id. at 563. In 1983, the Mississippi Legislature repealed Section 97-9-51. Thus, Sessom relies on a case that not only interpreted a different statute than the one under which Sessom was convicted; Sessom relies on a case that interprets a statute that has since been repealed. Williams can hardly be said to have a binding effect on the present matter.
¶ 15. According to our reading of the statute, one commits the crime listed in 97-9-49(1) under three disjunctive circumstances: when he or she (a) escapes from jail, or (b) escapes from custody by virtue of process issued by a court or judge, or (c) escapes from custody of a sheriff or some other peace officer pursuant to lawful arrest. If a defendant qualifies under either of those three disjunctive circumstances, he has committed a crime. Thereafter, the question of sentencing arises. It is over the appropriate sentencing that I collegially disagree with the dissent. The dissent concludes that Sessom was arrested for failing to timely appear for trial. We would hold otherwise. Sessom was initially arrested and placed into custody for three felony charges. Sessom secured his temporary and conditional release via his appearance bond. When Sessom violated his appearance bond, the circuit court judge revoked Sessom's bond and ordered Sessom to be returned to custodyimposed due to the underlying felony charges. Accordingly, he was not in custody for failure to timely appear at trial. Rather, he was in custody because his bond had been revoked on the three felony charges. His appearance bond may have placed a temporary "gap" in that custody, but it does not alter the underlying reasoning for his custody. Sessom would never have executed an appearance bond but for his arrest and subsequent indictment for the three felony charges against him.
¶ 16. The dissent notes that bond jumping is a misdemeanor. I agree. However, the record lacks any indication that Sessom was ever indicted or otherwise charged with bond jumping. I do not dispute that Sessom could have been charged with bond jumping, given his failure to appear at trial. As discussed above, we interpret the statute on escape to connect to the original reason Sessom was in custody: the three felony charges related to his attempt to smuggle drugs into a correctional facility, notwithstanding that there was an additional possible misdemeanor charge.
¶ 17. The evidence in this case is without any significant dispute. Sessom escaped from lawful custody. Sessom was taken into custody because he violated the conditions of his felony appearance bond on the underlying felony charge of conspiring to smuggle drugs into a correctional facility. We have previously held that one who escapes from custody while being held on felony charges commits felony escape and is subject to the punishment provisions of Section 97-9-49(1). See Cressionnie v. State, 797 So.2d 289(¶ 17) (Miss.Ct. App.2001); Edget v. State, 791 So.2d 311(¶ 5) (Miss.Ct.App.2001). If stare decisis *239 stands for anything, it stands for consistency.
2. Impeachment of Witness
¶ 18. Sessom argues that the court erred in allowing the prosecution to introduce the fact that Charlene Thomas had been convicted of the crime of conspiracy to bring drugs into a prison facility.[3] In support of this argument, Sessom cites Rule 609(a)(1) of the Mississippi Rules of Evidence for the proposition that the court must determine that the probative value of a prior conviction outweighs its prejudicial effect before allowing its admittance.
Rule 609(a)(1) states:
For the purpose of attacking the credibility of a witness, (1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party.
¶ 19. In his brief, Sessom argues that in deciding to allow the prosecution to impeach Thomas with proof of a prior conviction, the court essentially "tainted" the credibility and veracity of the one person who was an eyewitness to the events leading to his felony escape charge. According to Sessom, "the trial judge did not show why the conviction was probative as to the credibility of the witness." The Comment to Rule 609 states: "when the impeachment by convictions is of a witness other than the accused in a criminal case there is little or no unfair prejudice which can be caused to a party. Thus, the probative value of the credibility of the witness will almost always outweigh any prejudice."
¶ 20. The Mississippi Supreme Court has also spoken on the admissibility of prior convictions of nonparty witnesses under Rule 609: "Even where the non-party witness being impeached is one party's primary or sole witness, evidence of a prior conviction of that witness must be admitted if the requirements of Rule 609(a) . . . are met." Moore v. State, 787 So.2d 1282(¶ 26) (Miss.2001). In order to lessen the possibility of any prejudicial effect to Sessom that may have been caused by allowing Thomas to be impeached with proof of a prior conviction under Rule 609, the court ruled that Thomas's conviction would be allowed into evidence, but informed the prosecution that it would not be allowed to mention that Thomas's conviction was in any way related to Sessom's current charge.
¶ 21. The record reflects that the prosecution abided by the restriction placed on it by the trial judge, notwithstanding Sessom's contention to the contrary. The prosecution asked only one question regarding Thomas's criminal record, and did not mention her conviction for conspiring with Sessom to bring drugs into the DeSoto County jail. The exchange between the prosecution and Thomas was as follows:
Q. Ms. Thomas, can we agree you're a convicted felon?
A. Yes, ma'am.
Q. Is it fair to say that you don't want the defendant [Sessom] to go to jail?
A. I don't want nobody to go to jail. I didn't want to go to jail, but I went to jail.

*240 Q. Did you see the defendant [Sessom] on Most Wanted?
A. No, I didn't. I was incarcerated.
Q. Did the defendant [Sessom] leave the courthouse?
A. I presume he did because they was [sic] saying he was gone. So I don't know where he went to because I was in the back. I was handcuffed. I couldn't go nowhere until they came and got me.
The above exchange illustrates that Thomas volunteered the damaging testimony of which the defense now complains.
¶ 22. We find no merit to the contention that the trial court improperly allowed Thomas to be impeached by her prior felony conviction for conspiring with Sessom to bring marijuana into the DeSoto County Jail. For the foregoing reasons, we affirm.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY KING, C.J.
IRVING, J., Dissenting.
¶ 24. I find the evidence insufficient to sustain Sessom's conviction for felony escape, although I find it sufficient to support a conviction of misdemeanor escape. Consequently, I respectfully dissent. I would reverse Sessom's conviction for felony escape, and remand to the trial court for re-sentencing on misdemeanor escape.
¶ 25. The facts are sufficiently set forth in the majority opinion. Therefore, I will not repeat them here, except to add that when Sessom escaped from the bailiff, no order had been entered revoking his bond.[4] Also, the encounter with Sessom wherein Judge Ready explained to Sessom that Sessom's bond had been revoked did not occur during the court proceeding where the bench pronouncement was made.
¶ 26. Notwithstanding that Sessom had been legally released from jail on the original charges and no order had been entered revoking his bond, the majority finds that when Sessom escaped from the bailiff, he was in custody on the original felony charges. Mississippi Code Annotated Section 97-9-49(1), which states:
Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence *241 which the court has imposed or which may be imposed for the crime for which he is charged.
(emphasis added).
¶ 27. When Sessom fled from the courthouse, he was not fleeing from jail, nor was he in "custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or [by][J]udge [Ready]". Id. At most, he was in custody by virtue of his failing to appear for trial and by virtue of an oral command from Judge Ready to the bailiff to take Sessom into custody. Admittedly, an oral pronouncement in court that Sessom's bond was being revoked had occurred prior to the subsequent oral command to take Sessom into custody. However, the statute requires that the custody or confinement emanate from "process issued . . . by [a] court or judge. If Judge Ready's oral pronouncement that Sessom's bail was revoked and oral command to the bailiff that Sessom be taken into custody, constitute "process issued under the laws of the State of Mississippi," then the majority correctly affirms Sessom's conviction for felony escape.
¶ 28. As already mentioned, before Sessom escaped, Judge Ready had informed him that his bond had been revoked. I do not believe, however, that informing Sessom that his bond had been revoked was "process issued under the laws of the State of Mississippi by . . . [J]udge [Ready]. (emphasis added). Id. In my opinion, the phrase, "process issued," as used in the statute means something more than a verbal statement to a defendant, and implies a written instrument of some sort.
¶ 29. While I agree with the majority that Sessom was in the "custody of a sheriff or other peace officer pursuant to [a] lawful arrest" when he escaped, I disagree that he was then in custody on the original felony charges. He was in custody because he had jumped bond, not because he was charged with having committed three felonies.[5] That Sessom was arrested for "bond jumping" is supported by Judge Ready's trial testimony that he was revoking Sessom's appearance bond and was ordering him placed under arrest in efforts to secure Sessom's presence at the next trial date.
¶ 30. The statute is clear. One may be convicted of felony escape if he is confined or is in custody: "by virtue of an arrest on a charge of felony or conviction of a felony" and he (1) "escapes or attempts by force or violence to escape from any jail in which he is confined," or (2) escapes or attempts by force or violence to escape "from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest." Miss.Code Ann. § 97-9-49(1) (Supp.2005).
¶ 31. The majority fails to give effect to the portion of the statute which makes it a felony to escape only if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony. While it is true that Sessom could not later be arrested for "bond jumping" in the absence of the existence of the felony *242 charges for which he had made bail, the fact is that, when he made bail, he was legally free of custody or confinement on those felony charges. So, when Judge Ready ordered the bailiff to take Sessom into custody, for what was Sessom being arrested? Was it for the original felony crimes or was it for failing to timely appear for trial on those charges? Clearly, it was the latter. Therefore, when Sessom escaped, he was escaping from custody which had been imposed by virtue of an arrest for "bond jumping," that is, failing to timely appear in court. "Bond jumping" is not a felony offense. Miss.Code Ann. § 83-39-29(5) (Supp.2005).
¶ 32. The majority improperly dissects 97-9-49(1) to arrive at three disjunctive circumstances which constitute a violation of the statute. Since section 97-9-49(1) addresses both felony and misdemeanor escape, any construction of the statute which does not consider separately the prerequisites for felony or misdemeanor escape is flawed. With humility and respect, I must say that the analysis of the majority is flawed because it pretermits the statutory predicate for felony escape: that the defendant is confined or is in custody "by virtue of an arrest on a charge of felony or conviction of a felony." If the predicate does not exist, there is no basis for considering the three disjunctive factual scenarios.
¶ 33. The majority also spends time discussing the felony charges that were pending against Sessom when he was arrested for "bond jumping." The fact that these charges were pending is not the primary reason Sessom was arrested. Further, the majority discusses Sandoval v. State, 631 So.2d 159 (Miss.1994), finding that, based on Sandoval, the circuit court could not have tried Sessom in his absence. I agree, but, that Sessom could not be tried in absentia on the existing felony charges, did not make the arrest, which led to the new confinement or custody, an arrest on a charge of felony. To illustrate my point, suppose Sessom had timely appeared in court for his trial on the felony charges and, upon his arrival, had committed simple assault against a person at the courthouse. The judge had then ordered him arrested because commission of the simple assault violated the terms and condition of his bond that he refrain from violating the criminal laws of the State of Mississippi. While being taken into custody on the simple assault charge, Sessom escaped. Would he have been in custody by virtue of felony or by virtue of a misdemeanor?
¶ 34. As stated, when Sessom was allowed to make bail, he was lawfully released from custody on the underlying felonies for which he was later to stand trial. Therefore, he was no longer confined or in custody by virtue of an arrest on a charge of felony. Although Sessom's freedom was conditional, and Judge Ready had revoked that conditional freedom, the revocation did not result in Sessom's being arrested on a charge of felony as required by statute in order to sustain a conviction for felony escape. Revoking Sessom's freedom and returning him to confinement or custody, such that he could be tried for felony escape if he later tried to escape, required the issuance of lawful process to vacate the previously lawfully-issued order for bail. Before that could occur, Sessom escaped from custody, imposed by virtue of an arrest for "bond jumping," a misdemeanor.
¶ 35. I would affirm Sessom's conviction for the lesser offense of misdemeanor escape and remand for resentencing.
KING, C.J., JOIN THIS OPINION.
NOTES
[1] Although Sessom mentions the denial of his motion for a new trial, his first issue attacks the sufficiency, rather than the weight, of the evidence.
[2] Sessom had already been arrested for the conspiracy charge and was out on bond on that offense. While Judge Ready testified that he stated to Sessom that he had revoked Sessom's bond, Judge Ready had not entered an order to that effect at the time of Sessom's escape.
[3] Thomas was Sessom's girlfriend. She attempted to bring marijuana into the DeSoto County Jail for Sessom, but her plan was thwarted by jail personnel. Thomas was arrested and convicted in connection with that incident.
[4] At the time of his escape, Sessom had been out on bond on the conspiracy charge and two other charges.
[5] Mississippi Code Annotated section 83-39-29(5) (Supp.2005) provides:

Any person charged with a criminal violation who has obtained his release from custody by having a professional bail agent, insurer, agent of a bail agent or insurer, or any person other than himself furnish his bail bond and who fails to appear in court, at the time and place ordered by the court, is guilty of "bond jumping" and upon conviction, shall be subject to a fine of not more than One Thousand Dollars ($1,000.00), imprisonment in the count jail for not more than one (1) year, or both, and payment of restitution for reasonable expenses incurred returning the defendant to court.