BARNES, J.,
 

 for the Court.
 

 ¶ 1. RayKeitgdrith Raylon Ricks appeals his convictions from the Circuit Court of Newton County of Count I: sale of a Schedule II controlled substance, namely cocaine, with a sentence of twenty-five years in the custody of the Mississippi Department of Corrections, and Count II: sale of a Schedule I controlled substance, namely marijuana, in an amount of less than thirty grams, with a sentence of three years, to run consecutively with the sentence in Count I, for a total of twenty-eight years in the custody of the Mississippi Department of Corrections. He was also ordered to pay a fine of $3,000.
 

 FACTS
 

 ¶ 2. On the evening of August 25, 2005, Grady Williams, a confidential informant, met with Agents Shelly Boone and Richard Sistrunk of the Mississippi Bureau of Narcotics. At the time, Williams had contraband charges pending against him. The purpose of the meeting was for Williams to establish a controlled purchase
 
 *945
 
 from Ricks. Williams and his vehicle were searched thoroughly, and he was equipped with video/audio surveillance equipment. Williams was also given recorded funds. Williams then drove to Ricks’s house in Union, Mississippi. Ricks came out to Williams’s car, and Williams expressed a desire to buy crack cocaine. Ricks went inside the house and returned with the cocaine. Ricks testified, however, that he did not have any cocaine in his possession and merely handed Williams a small amount of marijuana at no charge. However, Williams and the agents testified that Williams obtained .70 gram of cocaine base from Ricks, which was entered into evidence at the trial.
 

 ¶ 8. A second meeting between Williams and the agents occurred on October 3, 2005. As before, Williams and his vehicle were searched, and he was given surveillance equipment. Williams went to Ricks’s house again, and this time Ricks got in the vehicle with him. The two men drove around town for a short time during which Ricks handed Williams a bag of marijuana, and Williams gave Ricks cash for the purchase. Williams dropped Ricks off at his house and turned the marijuana over to the agents.
 

 ¶ 4. Both parties stipulated at trial that Ricks sold Williams 17.6 grams of marijuana. Ricks also admitted at trial that he sold drugs and that he sold the marijuana to Williams. As previously stated, Ricks denied selling cocaine to Williams on August 25, 2005. Ricks was convicted on two counts: the sale of a Schedule II controlled substance, cocaine, and the sale of a Schedule I controlled substance, marijuana, in an amount of less than thirty grams. He was sentenced to twenty-five years and three years, respectively, with the sentences to run consecutively. A motion for a new trial was filed on August 20, 2007. The motion was denied by the trial judge. Ricks now appeals the denial of his motion for a new trial, claiming that the jury verdict was against the overwhelming weight of the evidence.
 

 Whether the trial court erred in its denial of the motion for a new trial.
 

 ¶ 5. “In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion.”
 
 Woodard v. State,
 
 765 So.2d 573, 576(¶ 16) (Miss.Ct.App.2000) (citing
 
 Veal v. State,
 
 585 So.2d 693, 695 (Miss.1991)). “[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). Therefore, in order for this Court to reverse on the grounds that the verdict was against the overwhelming weight of the evidence, we would have to “disagree[ ] with the jury’s resolution of the conflicting testimony.”
 
 Id.
 

 ¶ 6. Ricks argues that Williams, a confidential informant with a police record, obtained the cocaine elsewhere, and Williams was attempting to frame him in order to help Williams escape prosecution for charges that he had pending. Ricks also points to the fact that the video did not show money exchanging hands. The jury has the responsibility to weigh and consider the credibility of witnesses and any conflicting evidence.
 
 Neal v. State,
 
 451 So.2d 743, 758 (Miss.1984). “When an informant testifies in open court and his background is thoroughly explored, it is up to the jury to assess his credibility.”
 
 Mai-
 
 
 *946
 

 lard v.
 
 State, 798 So.2d 539, 543(1112) (Miss.2001) (citing
 
 Clayton v. State,
 
 582 So.2d 1019, 1021 (Miss.1991)). The testimony by the two agents from the Mississippi Bureau of Narcotics corroborated Williams’s testimony regarding the purchase of cocaine on August 25, 2005. In addition, the jury was also able to view the video evidence of the transaction.
 

 ¶ 7. Therefore, viewing the evidence in the light most favorable to the verdict, we find no abuse of discretion in the trial court’s denial of the motion for new trial as the evidence supported the verdict. Accordingly, we affirm.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF COUNT I: SALE OF A SCHEDULE II CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY-FIVE YEARS AND COUNT II: SALE OF A SCHEDULE I CONTROLLED SUBSTANCE AND SENTENCE OF THREE YEARS, WITH BOTH SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $3,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.